DAVID B. RENDALL *vs*. SCHOOL DISTRICT No. 2, in Monroe.

Waldo.    Opinion July 31, 1883.

*Trespass.   Assumpsit.   Estoppel.   School district taxes.*

Where one has recovered judgment in trespass, against a collector for the unlawful sale of his property seized to collect a school district tax, he cannot in assumpsit recover of the school district the amount of such tax.

REPORT on agreed statement.

Assumpsit for money had and received amounting to the sum of seventeen dollars and sixty-nine cents.

The opinion states the facts.

*Joseph Williamson*, for the plaintiff.

The judgment in the action of trespass against the collector cannot operate as an estoppel to this suit.   It was final for its own purpose and object, and no further.   Bigelow on Estoppel, 41.

It affirmed simply a right of possession as between the plaintiff and defendant in the judgment suit to be in the plaintiff, and was in the nature of damages for the wrongful disturbance of the plaintiff's property.   A judgment in a former action is conclusive only when the same cause of action was adjudicated between the same parties, or the same point was put in issue on the record. and directly found by the verdict of the jury.   *Howard* v. *Kimball*, 65 Maine, 308 ; *Gilbert* v. *Thompson*, 9 Cush. 348.

The tax having been paid by the seizure and sale of the plaintiff's property, and the amount having been paid for the use of the district, he is entitled to recover such amount with interest from the time of such payment.   *Smith* v. *Readfield*, 27 Maine, 145 ; *Haines* v. *School Dist.* 41 Maine, 246 ; *Starbird* v. *School Dist.* 51 Maine, 101.

*Philo Hersey*, for the defendant, cited: 27 Maine, 145; 34 Maine, 75; 112 Mass. 75.

APPLETON, C. J. The plaintiff being assessed on his property in the sum of seventeen dollars and sixty-nine cents to defray the expenses of a school house in the defendant's school district, refused to pay the same. A warrant for its collection was duly issued to the collector of taxes, who seized the personal property of the plaintiff, and sold the same at auction, for thirty-five dollars and twenty-nine cents.

But the collector seized and sold articles exempt from attachment more than was necessary to pay the tax and charges of sale, neglected to deliver the plaintiff an account of the same or to return the overplus, and thereby became a trespasser *ab initio*. The plaintiff sued him as such and recovered judgment for forty dollars and costs on which judgment execution has duly issued.

The plaintiff now brings assumpsit for so much of the proceeds of the sale as was paid the defendants for his taxes.

The plaintiff might sue in tort or by waiving the tort, in assumpsit, but the damages would depend on the form of action he might adopt. In the one case he would recover the value of the property sold, in the other the proceeds of its sale. He has elected the former remedy and has recovered damages for his property unlawfully taken and sold. The judgment thus recovered would seem to be a bar for another action for this injury, though there may be a different form of action. *White* v. *Philbrick*, 5 Greenl. 146. This suit is for less than half of the proceeds of sale. Having recovered judgment for the proceeds as a whole, he cannot waive a fraction of it and recover for a portion of it as the result of a sale. *Ware* v. *Percival*, 61 Maine, 391; *Dunbar* v. *Boston*, 112 Mass. 75.

WALTON, BARROWS, DANFORTH, PETERS and LIBBEY, JJ., concurred.