ANNIE E. NICHOLS

*v.*

HOMER E. SARGENT.

*Filed at Ottawa June 16, 1888.*

1. CONTRACTS—*personal liability of guardian upon contracts relating to his ward's estate.* If a person makes a contract describing himself as guardian or trustee for another, and so signs the same, he will be personally liable for the performance of the contract, in the absence of an express provision showing clearly that both parties agreed to act upon the responsibility of the fund in his hands, alone, or upon some other responsibility, or there appears some other circumstance clearly indicating another party who is bound by the contract, and upon whose credit, alone, it was made.

2. So where a guardian, under the approval of the county court, leases his ward's property, covenanting in the lease to purchase, at the expiration of the term, the improvements put upon the premises by the tenant, at the valuation of three persons, to be selected as provided in the lease, and the lease is signed by the guardian, as such, he will be personally liable to the tenant for a breach of the covenant.

3. GUARDIAN AND WARD—*indemnity to guardian out of ward's estate.* In such case, where the guardian discharges the debt of his ward he may have indemnity out of the estate of his ward, or if he has been discharged of his guardianship, he may have an action against his ward or his estate as for money paid for his use.

4. LANDLORD AND TENANT—*covenant of lessor to purchase improvements at appraised value.* Where a guardian, under the approval of the probate court, leases his ward's property, covenanting in the lease to purchase the improvements put on the premises, at the end of the term, at the valuation of three appraisers to be selected by the parties, he will have no right to refuse to submit the valuation to appraisement unless the lessee shall consent that the award shall be subject to the approval of the probate court.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This suit was brought by Homer E. Sargent, in the Superior Court, against Annie E. Nichols, on a written lease from defendant to plaintiff, and signed by both parties. On the trial

before the court, without a jury, plaintiff recovered a judgment against defendant. That judgment, on the appeal of defendant, was affirmed in the Appellate Court for the First District, and defendant now brings the case to this court on her further appeal.

Messrs. HUTCHINSON & PARTRIDGE, for the appellant:

Appellant being guardian of part owners of the land, it was her duty, under the approval of the county court, to lease the premises, and the covenant in the lease for the purchase of the improvements was a covenant for the benefit of the minors, provided the valuation should be submitted to the probate court, and approved; therefore the covenant was not a personal covenant.

Appellant did not refuse to carry out the terms of the lease, and therefore is not liable.

Appellee remained in possession of the improvements, and the title thereto continued in him; therefore, if there were damages, they should not include the value of the improvements, but should be only the difference between the fair value of the improvements and the contract price for the purchase.

The valuation to be given by the appraisers should be only what the improvements would have been worth to appellee to remove from the ground, or what they would enhance the value of the land.

Messrs. DEXTER, HERRICK & ALLEN, for the appellee:

The covenant was, by express provision of our statute, both joint and several, (Rev. Stat. chap. 76, sec. 3,) and Mr. Sargent had the right to sue Mrs. Nichols separately, at his election. *Bank* v. *Ferry*, 40 Ill. 255; *Gage* v. *Bank*, 79 id. 62; *People* v. *Harrison*, 82 id. 84; *Byers* v. *Bank*, 85 id. 423.

A guardian is bound, personally, by the contracts he makes as guardian, although describing himself as such. *Sperry* v. *Fanning*, 80 Ill. 371.

The fact that Hutchinson, as guardian, may have refused to unite in the appraisement, did not relieve Mrs. Nichols from her covenant to take the improvements at an appraised value, and the consequent liability to pay their value if there was no appraisement without fault on Sargent's part.

The measure of damages for a breach of the covenant was the value of the improvements, they, by operation of law, becoming the property of the lessor. *Hood* v. *Hartshorn,* 100 Mass. 117.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action of covenant on that clause of the agreement to renew the lease that had formerly existed between the parties, which, it is said, obligates defendant personally to purchase, at the expiration of the lease, the improvements put upon the demised premises by plaintiff, "at the valuation of three persons," to be selected as in the lease provided. The renewal agreement is signed by defendant, Annie E. Nichols, (formerly Annie E. Haven,) "Annie E. Nichols, guardian." The premises seem to belong to defendant and her minor children, for whom she was guardian at the time of making the lease. It is recited in the original lease it is between "Annie E. Haven in her own right, and as guardian" for her three surviving children, and plaintiff, Homer E. Sargent. In the declaration, the covenants contained in the lease upon which breaches are assigned, are declared upon as the personal covenants of defendant, and the first question presented is, did defendant, by executing the agreement to renew the lease, become personally liable to perform the covenant it contained for the purchase of the improvements made by the tenant on the demised premises.

The precise question made in this case was made in *Sperry* v. *Fanning,* 80 Ill. 371, and it was there held, if a person makes a contract, describing himself as guardian or trustee for another, and so signs the same, he will be personally liable, in

the absence of an express provision showing clearly that both parties agreed to act upon the responsibility of the fund in his hands, alone, or upon some other responsibility, or there appear some other circumstances clearly indicating another party who is bound by the contract, and upon whose credit, alone, it is made. The principle of that case is, if a guardian promises, on a sufficient consideration, to pay the debt of his ward, he is personally bound by it, although he expressly promises as guardian. In such cases, where the guardian discharges the debt of his ward, he may have indemnity out of the estate of his ward, or if he has been discharged from his guardianship, he may have an action against the ward or his estate, as for money paid for his use. The facts in both cases are so nearly analogous, no reason is perceived why the case being considered is not controlled, in every respect, by the case cited. An effort is made, however, to distinguish this case from *Sperry* v. *Fanning,* on the ground that in the latter case the agreement made by the guardian was not made with the approval of the probate court, as was done in the case now before this court. In that respect there is no difference between the cases. It appears from the dissenting opinion, the contract made by the guardian in *Sperry* v. *Fanning* was made with the approval of the probate court, and that is persuasive evidence, at least, of the existence of that fact in the case.

The declaration seems to be framed upon the theory, defendant had refused to submit the valuation of the improvements to the appraisers, as is provided in the lease shall be done. Whether defendant did refuse to go on with the appraisement, is a controverted question of fact, and as it was found against defendant by the trial and Appellate courts, it is not subject to review in this court.

It is said there was an offer to go on with the appraisement if plaintiff would consent the award should be subject to the approval of the probate court before it should be binding on

the guardian or the ward's estate, and, inasmuch as plaintiff would not consent to that proposition, there was, in law, no refusal. Plaintiff was not bound to submit to the conditions imposed by the guardian. He very properly insisted his rights should be determined and ascertained by and under the lease. That was his clear right, and on the refusal of defendant to submit to the appraisement, as provided in the lease, it is but just and right plaintiff should recover as for the value of the improvements in controversy. In no other way could he obtain full damages for the breach of the covenants of the lease. The probate court had once approved of that mode of ascertaining the value of the improvements on the demised premises. Neither the law nor his contract required that plaintiff should submit the matter again to the probate court for any further action.

Most, if not all, of the other questions discussed in the elaborate arguments of counsel, are controverted questions of fact not subject to review in this court, and, of course, need not be noticed.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*