BRADNER SMITH & CO.

*v.*

EDWARD C. WILLIAMS, Admr.

*Opinion filed February 17, 1899—Rehearing denied April 6, 1899.*

1. VOLUNTARY ASSIGNMENTS—*assignee in a voluntary assignment is the trustee for creditors.* A voluntary assignment for the benefit of creditors creates trust relations, the assignee becoming trustee for the creditors.

2. SAME—*assignee is personally liable on contracts for estate.* An assignee for creditors, though continuing the insolvent's business by order of the court, is personally liable on contracts made by him for the estate, in the absence of express contrary provisions.

3. SAME—*personal liability of assignee does not depend on whether claim is proper charge against estate.* The personal liability of an assignee for creditors upon contracts made for the estate does not depend upon whether the charge is a proper one against the estate, although, if such is the case, he is entitled to reimbursement.

4. SAME—*filing petition against estate does not show an agreement to release assignee.* The mere fact that one who sold goods to an assignee for use in continuing the insolvent's business files a petition in the county court to require the assignee to pay his claim, upon the equitable ground that the goods were used by the estate and beneficial thereto, does not tend to establish a contract not to hold the assignee personally liable.

5. SAME—*receipt of dividend from estate does not estop claimant from asserting liability against assignee.* Estoppel to assert a personal liability against an assignee for the balance due on goods sold for use in continuing the insolvent's business does not arise from the fact that the vendor received a dividend from the estate for part of his claim after filing a petition to require payment from the estate, which was not acted upon by the court.

6. ACTIONS AND DEFENSES—*remedies must be inconsistent to preclude resort to one after adoption of other.* One having co-existent remedies which are consistent with each other may select one or pursue all, and nothing but the satisfaction of the demand under one remedy will bar the others.

7. SAME—*instance where remedies are not inconsistent.* A petition in the county court to require an assignee to pay for goods furnished for use in continuing the insolvent's business, as ordered by the court, is not inconsistent with a petition against the deceased assignee's estate for the same claim, where the assignee, although personally liable, would be entitled to reimbursement from the insolvent's estate, as the estate is, in such case, the common source of payment on both demands.

*Williams* v. *Bradner Smith & Co.* 78 Ill. App. 510, reversed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. A. N. WATERMAN, Judge, presiding.

FLOWER, SMITH & MUSGRAVE, for appellant:

An assignee, trustee or receiver who purchases goods or incurs liability as such, whether acting under order of court or not, is personally and primarily liable to the party with whom he contracts, unless such party makes an express agreement to look only to the funds of the estate for payment. *Gill* v. *Carmine*, 55 Md. 339; *Johnson* v. *Leman*, 30 Ill. App. 370; 131 Ill. 609; *Goodman* v. *Lee*, 40 Ill. App. 229; *Rand, McNally & Co.* v. *Francis*, 67 id. 225; *Sperry* v. *Fanning*, 80 Ill. 371; *Nichols* v. *Sargent*, 125 id. 309; *New* v. *Nicoll*, 74 N. Y. 127; *Sanford* v. *Howard*, 29 Ala. 690; *Wade* v. *People*, 44 id. 690; *Noyes* v. *Beaupre*, 32 Minn. 496; *Hackman* v. *McGuire*, 20 Mo. App. 286; 2 Woerner on Administration, 756, 689; 27 Am. & Eng. Ency. of Law, 128; Perry on Trusts, sec. 437a.

The fact that appellant sought and obtained a dividend from the estate was not the election of an inconsistent remedy and a bar to a suit against the assignee personally. *Gill* v. *Carmine*, 55 Md. 339; *Nichols* v. *Sargent*, 125 Ill. 309; 2 Woerner on Administration, 689.

BANGS, WOOD & BANGS, for appellee:

The assignee's possession and management of the assigned estate are the county court's possession and management thereof, and the trust funds in the hands of the assignee are *in custodia legis*, and are to be handled, paid over and distributed as ordered by the court; and these orders, until modified or reviewed and changed, must be obeyed by the assignee. This exclusive possession of the trust estate never leaves the possession of the court, except upon its own order in a final distribution. *Freydendall* v. *Baldwin*, 103 Ill. 325; *Hanchett* v. *Waterbury*, 115 id. 220; *Farwell* v. *Crandall*, 120 id. 70.

The relation of an assignee to the county court is more closely analogous to that of a receiver than of an administrator, trustee, guardian or any other person sustaining a fiduciary relation. *Hanchett* v. *Waterbury*, 115 Ill. 220; *Hooper* v. *Winston*, 24 id. 354; *Insurance Co.* v. *Swigert*, 135 id. 173; *Jackson* v. *Lahee*, 114 id. 287; *Mulcahey* v. *Strauss*, 151 id. 70; Hurd's Stat. 1895, chap. 114a.

An assignee under the Voluntary Assignment act, while acting under and properly obedient to an order of the court appointing him, is not personally liable for goods or money necessarily bought or used by him in executing such order. Neither has he any power to make contracts respecting such estate without authority of the court appointing him, and all parties contracting with him are chargeable with knowledge of his function in that regard, and they contract with him at their peril. *Freydendall* v. *Baldwin*, 103 Ill. 325; *Hanchett* v. *Waterbury*, 115 id. 220; *Farwell* v. *Crandall*, 120 id. 70; *Preston* v. *Spaulding*, id. 208; *Newton* v. *Bailey*, 15 Ill. App. 199; *Mersinger* v. *Yager*, 16 id. 260; *Colby* v. *O'Donnell*, 17 id. 473; *Field* v. *Ridgley*, 18 id. 56; *Boyden* v. *Frank*, 20 Ill. 169; *Davis* v. *Dock Co.* 129 id. 180; *Clark* v. *Burke*, 163 id. 324; *Hooper* v. *Winston*, 24 id. 354; *Jackson* v. *Lahee*, 114 id. 287; *Insurance Co.* v. *Ward*, 135 id. 150; *Leopold* v. *People*, 140 id. 552; *McNulty* v. *Lockridge*, 137 id. 270; *Mulcahey* v. *Strauss*, 151 id. 70; *Smith* v. *Express Co.*

135 id. 279; *Davis* v. *Duncan*, 19 Fed. Rep. 477; *Telegraph Co.* v. *Jewett*, 115 N. Y. App. 166; *Farmers' L. & P. Co.* v. *Railroad Co.* 7 Fed. Rep. 539; High on Receivers, secs. 127, 128, 175, 186, 268, 322, 395.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

George E. Lloyd, while acting as assignee of the R. S. Dickie Manufacturing Company, in pursuance of a voluntary assignment for the benefit of creditors, was authorized by the county court of Cook county, in which the assignment was being administered, to continue the business of the insolvent, and to advance to the estate or to borrow for the use of said business any such sums as in his judgment might be for the best interests of the estate and the operation and preservation thereof. In carrying on the business he bought from appellant, on credit, at different times, covering a period from February 8 to September 7, 1892, merchandise amounting to $4495.92. On September 29, 1892, appellant filed a petition in the county court stating that it had sold the goods to Lloyd as assignee and that they were used for the benefit of the insolvent estate, and asking an order of the court directing the assignee to pay the said sum forthwith out of the assets of the estate. No order was entered granting or refusing the request of this petition, but on May 10, 1895, appellant, in common with other creditors to whom the different assignees had become indebted, received a dividend amounting to $2082.69, leaving a balance due at that date of $2413.23, and the amounts distributed to creditors of the assignee exhausted the estate. Lloyd having died, appellant began this suit by filing a claim for said balance against his estate in the probate court. The claim being disallowed, an appeal was taken to the circuit court, where a jury was waived and there was a trial by the court. There was no dispute or conflict as

to the facts as above stated, and the court refused to hold propositions of law submitted by appellee to the effect that such facts did not create a personal liability against an assignee and that the estate was not liable. There was a finding and judgment in favor of appellant for $2689.72. On appeal to the Appellate Court that judgment was reversed and the cause was remanded, with directions to the circuit court to enter a judgment against appellant. The Appellate Court did not make any finding of facts different from the facts as found by the trial court, so that the reversal was upon errors of law assigned on the holdings of the court on the question of personal liability of an assignee. That question is the one argued and submitted upon this appeal from the judgment of the Appellate Court.

The general rule is, that a trustee holding property or administering a trust for the benefit of individuals or a class of individuals, such as the creditors of an insolvent, is bound personally by the contracts which he makes in that capacity. In 1 Parsons on Contracts (121) the author, mentioning trustees of property for the payment of debts of an insolvent among the most common instances of such trusts, states the rule as follows: "He is bound personally by the contracts he makes as trustee, although designating himself as such, and nothing will discharge him but an express provision showing clearly that both parties agreed to act upon the responsibility of the funds alone, or of some other responsibility exclusive of that of the trustee, or some other circumstance clearly indicating another party who is bound by the contract and upon whose credit alone it is made." There is no doubt that under a voluntary general assignment for the benefit of creditors the assignee becomes a trustee for the creditors and the assignment creates trust relations. (2 Pomeroy's Eq. Jur. sec. 994.) The rule that one occupying such relations is personally liable to those with whom he contracts has been several times announced and

enforced in this court. In *Sperry* v. *Fanning*, 80 Ill. 371, it was held that a guardian who contracted over his signature as guardian could not, by such contract, bind the person or estate of the ward, but was bound personally, although he had a right to indemnify himself out of the ward's estate or to have an action against the ward for the money expended for his use. So in *Nichols* v. *Sargent*, 125 Ill. 309, a guardian was held personally liable upon the covenant of a lease executed by him as guardian, where the law required the lease to be approved by the probate court, and it was so approved. An effort was made to have the court change the rule on account of the fact of such approval, but the effort was unsuccessful, and it was said that the contract made by the guardian in *Sperry* v. *Fanning* was made with like approval of the probate court. In *Johnson* v. *Leman*, 131 Ill. 609, the rule was adhered to in the case of a trustee managing property, and it was said that the ends of justice would be best subserved by adhering to the rule. The decisions are uniform that a guardian, executor, administrator, trustee or other person acting in such relation binds himself personally, unless he exacts an agreement from the person with whom he contracts to look to the funds exclusively. This personal liability does not depend upon whether the charge would be a proper one by the trustee against the fund or estate or whether he should be allowed reimbursement for the money paid. That is a matter wholly between him and the beneficiaries of the trust.

There is no evidence in this case of any agreement relieving the assignee from liability on the contract. The mere fact that appellant filed the petition in the county court for an order on the assignee to pay the claim does not tend to establish a contract releasing him from his liability. The petition does not state any such agreement, or that appellant sold the goods on the credit of the estate, or that the assignee attempted to charge such estate. It does not go upon that ground, but upon the purely

equitable claim that the goods were furnished and used for the estate and were beneficial thereto.

Appellee contends that there should be an exception to the rule of personal liability in the case of an assignee acting under the statute regulating voluntary assignments, because under that statute the property and administration of the trust are placed under the control of the county court. We are unable to see anything in that fact, or in the provisions of the statute, which can or ought to exempt the assignee from liability unless he sees fit to stipulate against it in his contract. As already seen, the fact that a lease by a guardian must be such as the probate court approves, and is in fact approved, does not affect the question. Administrators and executors are by law under the control of probate courts and any private trustee may be brought under the control of a court of equity, but the fact that such persons must submit their acts and accounts to the court has never been ground for exemption. There is nothing compulsory about the position of an assignee, and his liability is only upon his own voluntary contracts. A transfer of property to be applied to the payment of debts to creditors is purely voluntary and of common law origin. In *Union Trust Co. v. Trumbull*, 137 Ill. 146, it was said (p. 158): "Assignments for the payment of debts to creditors were valid at common law, and as soon as the assignee accepted an assignment for that purpose he became a trustee for the creditors, and they might compel the execution of the trust in a court of chancery. (Perry on Trusts, sec. 594.) It will be observed that the statute in relation to voluntary assignments for benefit of creditors (1 Starr & Curtis' Stat. 1303,) does not assume to create a right, but that it merely assumes to modify and regulate an existing right. It does not define what is a 'voluntary assignment,' nor say that it shall thereafter be lawful to make voluntary assignments, but simply imposes restrictions thereon,— in other words, modifies and regulates existing common

law rights." The duties and rights arise on the contract, although subject to the control of the county court for the purpose of enforcing a correct administration of the trust.  In case of the death or failure of the assignee to act the court may appoint a successor, but there is such power of appointment by the county court in the case of administrators or executors and in a court of equity in the case of trustees.  It is for the trustee to justify his contracts to the court, and if they are proper he has a right to look for his reimbursement through the estate.

There is no element of equitable estoppel in the case. The amount received from the estate as a dividend benefited the assignee in the reduction of his liability, and the estate was exhausted in that way, so that he gave up nothing and did not change his position on account of anything which appellant did.

We cannot see that the filing of the petition in the county court can be regarded as an election between co-existent inconsistent remedies against different persons or sources of liability.  It is true that a party cannot ask the aid of the law upon inconsistent and contradictory grounds; but if co-existent remedies are consistent with each other he may adopt all or select any one which he thinks best suited to the end sought, and only the satisfaction of the claim in one case constitutes a bar in the other.  The inconsistency of the remedies is essential to preclude the resort to one after having adopted another, and the party must actually have two remedies and not merely suppose that he has, for a mistake in his remedy in one case is not a bar in the other.  No case like this has been cited and we have not found any to which the doctrine has been applied.  Any argument that there was an election of inconsistent remedies necessarily admits the personal liability of Lloyd on the contract and also a liability of the estate of the insolvent for the same debt. Such a doctrine can never be applied where the evidence shows that but one of the parties was liable or that the

original contract bound but one. The petition to the county court was a request to that court to require payment by Lloyd of the claim on equitable grounds. The original source from which payment was to come, in any event, if the claim was proper, whether enforced as a personal liability against Lloyd and by him against the estate or by appellant against the estate, was the estate itself. In the case of *Kingsbury* v. *Powers*, 131 Ill. 182, where the guardian was allowed a claim against the estate which had been enforced against him as a personal liability, it was said (p. 189): "The contract with Fanning was for the benefit of the ward, and the liability of the guardian, personally, affects merely the form of the remedy and not the primary source of liability, unless the guardian has been guilty of such negligence or willful malice, causing the suit to be brought, as renders it inequitable that he should be entitled to be reimbursed from the estate of his ward."

Assuming, as we must for the purpose of this question, that Lloyd was personally liable to appellant for its entire claim, we cannot see how it can be said that the petition in the county court for payment from the ultimate source of payment proceeded upon any theory or principle inconsistent with his liability. In the case of an election of remedies the bar arises as soon as the choice is made and becomes full and absolute against the other remedy, and if the doctrine were applied in this case appellant would have been barred upon the filing of the petition. We do not think that the remedies were inconsistent, but that the circuit court was right in its rulings upon propositions of law. It was not necessary in this case to maintain or prove anything inconsistent with the equitable claim set up in the petition, that the goods were used for the estate and were beneficial thereto.

The judgment of the Appellate Court is reversed and the judgment of the circuit court is affirmed.

*Judgment reversed.*