## Mary E. Miller v. Didisheim & Brother.

1. EXECUTORS—*When Personally Liable.*—An executor, though conducting the testator's business by an order of the Probate Court, binds himself personally unless he exacts an agreement from the person with whom he deals to look to the funds of the estate exclusively.

Assumpsit.—Common counts. Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed June 4, 1901.

E. F. THOMPSON, FRANK HUMBOLDT CLARK and PLINY B. SMITH, attorneys for appellant.

HOYNE, O'CONNOR & HOYNE, attorneys for appellees; HARRY D. IRWIN, of counsel.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

The sole question presented by this appeal is, whether the appellant, who, as executrix of her former husband's last will, continued, after his death, to conduct the mercantile business carried on by him in his lifetime, under an order of the Probate Court of Cook County authorizing her so to do, is liable personally for a debt contracted by her in the course of continuing said business.

Appellant's said husband's will nominated her executrix and trustee thereunder, and she was so appointed. She decided to continue the business her husband was engaged in at the time of his death, until the same could be sold, and upon her petition, an order of the Probate Court was obtained, which provided " that said executrix have leave to carry on the business formerly conducted by said deceased in his lifetime, at 102 Madison street, Chicago, Illinois, as long as the same is conducted with a profit to the estate of said decedent; and it is further ordered by the court that said executrix have leave to sell the said business at not less than the appraised value thereof at private sale."

The debt in question was contracted while appellant was running the business. There does not appear to have been any change in the signs over the place where the business was conducted, nor in any other respect that was visible to the world—although appellant kept her bank account of the business in her own name as executrix, and paid all bills by checks so drawn by her. An apparent loss to the estate occurred by continuing the business, and appellant resigned as executrix and was succeeded by an administrator *de bonis non*, and appellant made up such loss in her accounting with her successor, by paying the amount thereof from her own resources. Afterward, the administrator *de bonis non* apparently wound up the business and paid fifty-nine per cent of appellees' claim, and this suit against appellant was brought for the remaining forty-one per cent of said claim, and judgment was obtained therefor.

The main objection to the judgment is that, the business having been conducted by the appellant under the authority of the Probate Court, the estate alone, and not appellant individually, is liable. But this appears not to be the law.

"The decisions are uniform that a guardian, executor, administrator, trustee or other person acting in such relation, binds himself personally, unless he exacts an agreement from the person with whom he contracts to look to the funds exclusively. This personal liability does not depend upon whether the charge would be a proper one by the trustee against the fund or estate, or whether he should be allowed reimbursement for the money paid. That is a matter wholly between him and the beneficiaries of the trust. * * * It is for the trustee to justify his contracts to the court, and if they are proper he has a right to look for his reimbursement through the estate." Bradner Smith & Co. v. Williams, 178 Ill. 420.

We discover no evidence that appellees had any knowledge or notice of the capacity in which appellant was conducting the business, much less that they made any agreement with her to look only to the funds of the estate. An instruction was given to the jury at appellant's request on the theory that appellees did have knowledge that appellant was conducting the business as executrix and that the

goods were purchased to be used in said business and not for appellant's personal or individual use, and hence she was not liable; but the jury, by necessary intendment of the verdict, found the facts to be to the contrary.

We have examined the authorities cited by appellant, but find none that support their contentions. The contention that appellees by filing her claim against the estate and accepting the dividend of forty-nine per cent from the funds in the hands of the administrator *de bonis non*, elected to look to the estate instead of to the appellant, is not sustained by what was done in that matter. This subject of the election of remedies applicable to a case of this character, is commented on with exceeding clearness by Mr. Justice Cartwright in the Bradner Smith & Co. case, *supra.*

We discover no error in the record and the judgment will be affirmed.