[No. 5791.]

## SPAULDING ET AL. V. PATTERSON.

1. **Taxation—Uniformity—**The doctrine of Leonard v. Reed, ante, followed.—(318)

2. **Damages—Measure—**Plaintiff's goods are sold for an illegal tax, and purchased by his representative for a sum in excess of the tax. This excess is tendered to him. He is entitled to recover the amount bid at the sale, less the amount tendered.—(318)

*Appeal from La Plata District Court*—Hon. JAMES L. RUSSELL, Judge.

Mr. T. C. PERKINS, for appellant.

No appearance for appellee.

In the summer of 1904, The Spaulding Manufacturing Company, a copartnership, engaged in the manufacture of buggies and wagons at Grinnell, Iowa, shipped from their establishment a carload of vehicles to Durango, in this state. They were shipped for the purpose of sale in Colorado, and were stored in a building on Main street, in Durango. By virtue of a revenue act found in the Session Laws of 1903, p. 408, the assessor of La Plata county assessed the vehicles and issued a warrant directed to the treasurer of the county for the collection of the taxes so assessed. Under this warrant certain of the vehicles were taken possession of and advertised for sale by the treasurer. At the sale Morgan, the representative of The Spaulding Manufacturing Company, bid in the property seized for the sum of $200.00, which he paid to the treasurer. The tax and costs amounted to $173.60, and the difference, $26.40, was tendered appellants, which they refused to receive. Thereafter The Spalding Manufacturing Company brought suit to recover from Patterson, the treasurer, the value of the vehicles seized

and sold by him. The tender was kept good by pay-
ing into court $26.40 for the use of The Spaulding
Manufacturing Company, At the trial, under the
issues made by the pleadings, the facts were estab-
lished as above narrated. . The judgment of the court
was in favor of the defendant, from which plaintiffs
appealed to the. court of appeals.

Mr. JUSTICE GABBERT delivered the opinion of
the court:

In *Leonard v. Reed, ante,* 307, we held that
the act under which the tax was levied and the prop-
erty of the plaintiffs seized and sold, was obnoxious
to the provision of our constitution on the subject
of taxation, for the reason that "it imposes a tax
upon goods and merchandise brought into any county
subsequent to the first day of May in any year for
temporary lodgment and sale, and by necessary im-
plication relieves goods of a similar character
brought into the same county at the same time from
the burden of such tax, if they be not placed upon
the market. This discrimination robs the law of the
indispensable requisite that taxes shall be uniform
upon property within the jurisdiction of the body
imposing them." On the authority of the *Leonard
case* the judgment of the district court must be re-
versed.

Plaintiffs seek to recover the value of the
vehicles seized and sold. In the circumstances of
this case we think they are only entitled to judgment
for the amount bid at the sale, less the sum paid into
court for their use.

The judgment of the district court is reversed
and the cause remanded with directions to enter
judgment in accordance with the views expressed in
this opinion.                *Reversed and remanded.*

Decision *en banc.*