## No. 8757.

SPAULDING MANUFACTURING COMPANY *v.* COUNTY COM-
MISSIONERS OF LA PLATA COUNTY.

1. ELECTION OF REMEDIES—*Consistency.* Remedies must be inconsistent, to preclude resort to one, after the adoption of the other.

2. COUNTY—*Liability for Illegal Tax Collected.* Under Rev. Stat., sec. 5750, a county is liable to one who pays a tax imposed without authority of law. An unsatisfied judgment recovered by the tax payer against the collector, is no bar to his action against the county, even though the collector made no return to the county, and converted the money to his own use.

*Error to La Plata District Court, Hon. W. N. Searcy, Judge.*

Messrs. PERKINS & MAIN, for plaintiff in error.

Mr. JAMES A. PULLIAM, for defendant in error.

Mr. Justice Scott delivered the opinion of the court:

UNDER a tax warrant issued by the Assessor of La Plata County, on the 25th day of July, 1904, directed to W. J. Patterson as County Treasurer, the said Treasurer levied upon certain vehicles, the property of the plaintiff in error, and sold the same to satisfy a tax which, together with interest, penalty and costs, amounted to $173.16.

Alleging the tax to be illegal and void, the plaintiff in error brought suit against Patterson personally, to recover the amount so collected. In that case this court held the tax to be illegal, and sustained the right to recover. *Spaulding v. Patterson*, 46 Colo. 317, 104 Pac. 413. Judgment was finally rendered against Patterson in the lower court, but the judgment was not satisfied.

This action arises on a claim presented to the Board of County Commissioners against the county, for the amount of such tax and costs. The claim was denied by the board, and upon appeal to the District Court judgment was rendered in favor of the county. This proceeding is to review the judgment so rendered.

Plaintiff claims under section 5750, Rev. Stat., 1908:

"Each county is responsible to the state for the full amount of tax levied for state purposes, excepting such amounts as are certified to be unavailable, double or erroneous assessments, as provided in this act, and in all cases where any person shall pay any tax, interest or cost, or any portion thereof, that shall thereafter be found to be erroneous or illegal, whether the same be owing to erroneous assessment, or improper or irregular levying of the tax, or clerical or other errors or irregularities, the board of county commissioners shall refund the same without abatement or discount to the taxpayer."

There are no pleadings, and the court entered a general finding for the county.

The principal contention of the defendant county is that the former action against Patterson personally, constitutes a bar to recovery as against the county. In other words that the plaintiff having elected to proceed against Patterson as an individual, and in trespass, and having recovered judgment as against him, cannot now urge its claim as against the county. *Rendall v. School Dist.*, 75 Maine 358, and *Raleigh v. Salt Lake City*, 17 Utah 130, 53 Pac. 974, are cited to sustain this contention.

The case of *Rendall v. School Dist.*, *supra*, does not sustain the contention of the county. In the case of *Raleigh v. Salt Lake City*, *supra*, no former suit was involved, the right of action against the city was sustained. It is true that in the opinion, the court quotes a general rule of law stated by Judge Cooley as follows:

"But, in general, the action could only be maintained when the following conditions are found to concur: (1) The tax must have been illegal and void, and not merely irregular; (2) it must have been paid under compulsion or the legal equivalent; (3) it must have been paid over by the collecting officer, and have been received to the use of the municipality; (4) the party must not have elected to proceed in any remedy he may have had against the assessor or collector."

With due deference to the reputation of the learned author, this unqualified statement of the rule is not sustained by the weight of authority. But, the only contention in that case was that the illegal tax was not paid under compulsion, a question not raised here. The other conditions so stated as being required under the general rule of law were not involved in the case.

Recovery is sought in this case under a specific and unqualified statute commanding a refund by the county of every erroneous or illegal tax paid, and does not involve the general law upon that subject. The action against the officer was an action in tort. The action here is based upon a statutory right. These remedies are not inconsistent.

It may be said that in equity, even in view of the statute,

where a plaintiff having election as to remedies, brings suit under one remedy, and pursues that remedy to judgment, and has received full satisfaction of the execution issued upon such judgment, he is barred from another remedy, or other action to secure a second recovery for the same injury. But in this case no recovery has been had under the judgment. Remedies must be inconsistent to preclude resort to one, after the adoption of the other.

The rule is well stated in *Bradner Smith Co. v. Williams*, 178 Ill. 420, 53 N. E. 358, to be:

"It is true that a party cannot ask the aid of the law upon inconsistent and contradictory grounds; but if co-existent remedies are consistent with each other he may adopt all or select any one which he thinks best suited to the end sought, and only the satisfaction of the claim in one case constitutes a bar in the other. The inconsistency of the remedies is essential to preclude the resort to one after having adopted another, and the party must actually have two remedies and not merely suppose that he has, for a mistake in his remedy in one case is not a bar in the other. No case like this has been cited and we have not found any to which the doctrine has been applied. Any argument that there was an election of inconsistent remedies necessarily admits the personal liability of Lloyd on the contract, and also a liability of the estate of the insolvent for the same debt."

In this case the judgment remains unsatisfied, in whole and in part, and therefore cannot act as a bar to recovery. In *Cleveland v. City of Bangor*, 87 Maine 259, 32 Atl. 892, 47 Am. St. 326, it was held that recovery of a judgment against a street railway for personal injuries, was not a bar to a suit against the city for the same cause of action, and the court said:

"An unsatisfied judgment against one tort-feasor is no bar to a suit against a joint tort-feasor. It is not the formal adjudication of a right or the legal precept for its enforcement, but the substantial fact of compensation or its equivalent, which constitutes the bar. This doctrine not only rests upon principles of sound reason, and manifest justice,

but is supported by an overwhelming weight of authority. It prevails in a great majority of the American states, and has received the unqualified approval of the Supreme Court of the United States. In *Lovejoy v. Murray,* 3 Wallace 1, 18 L. Ed. 129, it was held that judgment in a former suit, with part payment, constituted no bar to the action against the defendant. In the opinion by Miller, J., it is said: 'But in all such cases what has the defendant in such second suit done to discharge himself from the obligations which the law imposes upon him to make compensation? His liability must remain in morals and on principle until he does this. The judgment against his co-trespassers does not affect him so as to release him on any equitable consideration.' \* \* \* But when the plaintiff has accepted satisfaction in full for the injury done him, from whatever source it may come, he is so far affected in equity and good conscience, that the law will not permit him to recover again for the same damages. But it is not easy to see how he is so affected until he has received full satisfaction, or what the law must consider as such. We are therefore of the opinion that nothing short of satisfaction or its equivalent, can make good a plea of former judgment in trespass, offered as a bar in an action against another joint trespasser, who was not party to the first judgment.'"

The rule of law is exhaustively discussed in *Lovejoy v. Murray,* 3 Wallace (U. S.) *supra,* where it was held to apply to those jointly and severally liable on contracts and wherein it was further said:

"A judgment recovered in any form of action, is still but a security for the original cause of action, until it be made productive in satisfaction to the party; and, therefore, till then it cannot operate to change any other collateral concurrent remedy which the party may have."

It is also urged that the money collected in payment of the tax in question was not covered into the county treasury by Patterson, and for such reason the county is not liable.

The record discloses that Patterson proceeded with the levy and sale, in all respects in his official capacity, and issued his official receipt to plaintiff for the money collected.

On the stub of this receipt found in the treasurers office was written in red ink the word "cancelled."

The testimony discloses that Patterson was a defaulter to the county. The tax was collected under a statute which this court afterward held to be void. The officer acted officially under statutory direction. Payment to him under such circumstances was in law payment to the county. The statute provides that when "any person shall pay" an illegal or erroneous tax, the board shall refund.

In this case the plaintiff paid the illegal tax. It paid it to the only person authorized to receive it. This officer forced such payment by execution and sale. To say that because the officer did not deposit the payment in the county's vaults, but embezzled it, in such case the corporation is not liable, is as absurd as it is unjust. It is to deny the taxpayer all protection.

This question was exhaustively considered and determined in the very early case of *People v. Kinney*, 10 Mich. 84, where it was held that "money is in the treasury whenever and where ever it is in the official custody of the treasurer, or subject to his direction and control."

The judgment is reversed with direction to enter judgment for the plaintiff in error.

The judgment is reversed.

*En banc.*

White, C. J. not participating.