JOHN F. MELDON *vs.* STANISLAW GRUBLIAUSKAS.

Suffolk.   March 8, 1944. — September 14, 1944.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Bills and Notes,* Signed in a representative capacity. *Guardian,* Of minor. *Practice, Civil,* Ordering verdict; Requests, rulings and instructions.

Under Rule 71 of the Superior Court (1932) the question, whether the judge should order a verdict at a jury trial, must be raised by a motion, not by a request for a ruling.

A requested ruling that "a guardian is personally liable for all contracts made by him in connection with the estate under his guardianship" was incorrect as an abstract generality and was properly refused in an action by the holder against the maker of a mortgage note containing the word "guardian" after the maker's signature and a promise to pay by him, "guardian."

CONTRACT.   Writ in the Municipal Court of the City of Boston dated March 20, 1942.

Upon removal to the Superior Court, the action was tried before *Baker, J.*

*M. A. Brener,* for the plaintiff.

*A. O. Shallna,* for the defendant.

WILKINS, J.   This action of contract by the indorsee of a promissory note is to recover a balance of principal and interest.   The note, dated June 10, 1926, provided in part, "I Stanislaw Grubliauskas, Guardian, Promise to pay to Federal National Bank of Boston, or order . . . the sum of Thirty-five hundred ($3500.) Dollars in one (1) year from this date."   It was signed, "Stanislaw Grubliauskas, Guardian," and was witnessed.   In the margin appeared,

"Secured by Mortgage of Real Estate in South Boston Mercer Street, South Boston to be recorded in Suffolk Registry of Deeds." The answer, in addition to a general denial, alleged that the defendant had not signed the note individually, but had done so in a representative capacity as guardian of certain minors in accordance with a license of the Probate Court; that the defendant received no consideration; and that the plaintiff knew or should have known that the defendant acted in a representative capacity. The jury returned a verdict for the defendant. The plaintiff excepted to the denial of certain of his requests for rulings.

The evidence showed that the mortgage referred to in the margin of the note was given by "Stanislaw Grubliauskas, Guardian of Sophie Akston, also called Sophie Mescionis, and Mary Pankofsky, also called Mary Mescionis . . . by the power conferred by the Probate Court for the County of Suffolk on June 10, 1926." The decree of the Probate Court so referred to in part read, "On the petition of Stanislau[w] Grubliauskas guardian of Sophie Akston, also called Sophie Mescionis and Mary Pau[n]kofsky, also called Mary Mescionis, both of Boston, in said County, minors, praying for authority to mortgage the following described real estate of his wards . . . it appearing that it is necessary and expedient to raise the sum of Thirty-five hundred dollars for the purpose of discharging two mortgages amounting to thirty-five hundred dollars . . . it is decreed, that said guardian be authorized to mortgage . . . said wards' interest in said real estate." The note after maturity was indorsed without recourse to the plaintiff by the receiver of the bank as part of a sale of assets.

The plaintiff's requests numbered 1 and 2 were respectively that upon all the facts and upon all the law the plaintiff was entitled to recover. These could not be granted. The question whether the court should order a verdict must be raised by motion and not by a request for instructions. Rule 71 of the Superior Court (1932). *Carp v. Kaplan*, 251 Mass. 225. *Sullivan v. Ward*, 304 Mass. 614, 616.

The third request was: "A guardian is personally liable

for all contracts made by him in connection with the estate under his guardianship." This was rightly refused. Even if this request, which is not confined to negotiable instruments, be not regarded as in substance raising in the same improper manner the identical question covered by the first and second requests, it still could not be given. It was a request for a ruling on an abstract generality which was not correct. It is true that a guardian cannot by contract bind his ward. See, for example, *Wallis* v. *Bardwell*, 126 Mass. 366; *Rollins* v. *Marsh*, 128 Mass. 116, 118; *Day* v. *Old Colony Trust Co.* 228 Mass. 225, 228. It does not follow, however, that he necessarily must bind himself, or that by appropriate words he could not stipulate that he should not be personally held, or that the other contracting party could not agree to look solely to the security or to some other responsibility. See *Nichols* v. *Sargent*, 125 Ill. 309; *Kowalke* v. *Evernham*, 210 Iowa, 1270; *Farmers & Merchants State Bank* v. *Estate of Ratliff*, 222 Mo. App. 215; Williston on Contracts (Rev. ed.) § 314; 25 Am. Jur., Guardian & Ward, § 100; 39 C. J. S., Guardian & Ward, § 101; 89 Am. St. Rep. 284. See *Quinlan* v. *Mealey*, 270 Mass. 284; *Mealey* v. *Fegan*, 274 Mass. 599, 601.

The remaining request was almost verbatim a quotation of G. L. (Ter. Ed.) c. 107, § 40. It was inapplicable to the issues and properly denied. *Holmes* v. *Sullivan*, 241 Mass. 195, 196. *Bianchi* v. *Denholm & McKay Co.* 302 Mass. 469, 472.

*Exceptions overruled.*