Hamlin, J.
This is an action wherein the plaintiff, St. Elizabeth’s Hospital, sued the defendant, Edward A. Crane, for $2,428.37 alleging the sum to be due for goods and services provided by the hospital to Loretta A. Haley, a mentally ill person and ward of the defendant Crane. On June 15, 1967, Edward Crane was appointed guardian of the person and estate of Loretta Haley by a judge of the Middlesex Probate Court. (Exh. 5).
Defendant Crane alleged that if any amount was owed the plaintiff he is liable as Guardian or Administrator of the Estate of the late Loretta Haley.[1]
At trial, the following evidence was introduced by the plaintiff:
(1) St. Elizabeth’s Hospital bill dated January 18, 1973 to Loretta Haley, 129 Lake Street, Arlington, Massachusetts, for a hospital stay from November 17, 1972 until January 12, 1973 (Exh. 1) for $1,907.49.
(2) St. Elizabeth’s Hospital bill dated August 1, 1973 to Loretta Haley, 129 Lake Street, Arlington, Massachusetts for a hospital stay from June 30, 1973 until July 27, 1973 for $520.88. (Exh. 2)
(3) A memorandum entitled To Whom It May Concern dated November 27, 1973, giving St. Elizabeth’s Hospital permission to use Medicare Lifetime days on the hospital admission. The release is signed ‘ ‘Loretta Haley per Edward A. Crane, GDN’ ’. (Exh. 3)
(4) Release for medical information of one Loretta Haley of 129 Lake Street, Arlington, Mass. 02174 to the Social Security Administration dated June 30, 1973 and signed “Loretta Haley per Edward A. Crane, GDN.” (Exh. 4)
(5) A two page summary sheet of St. Elizabeth’s Hospital of Loretta Haley of 129 Lake Street, Nursing Home, Arlington. The admission was from June 30, 1973 until July 27, 1973 for acute psychiatric disorder. The person to be notified in an emergency was “Edward Crane, Attorney, Guardian”. The “Consent Upon Admission to Hospital and Medical Treatment’ ’ is signed “Loretta Haley per Edward A. Crane, GDN, ’ ’ under the section indicating the patient is unable to consent. (Exh. 5)[2]
(6) A certified copy of the appointment of Edward A. Crane as guardian of the person and estate of Loretta Haley, a mentally ill person, on June 15, 1967 (Exh. 6).
Further, the plaintiff introduced evidence through the testimony of Edward Deven, a credit supervisor employed by the plaintiff, that the amounts appearing on Exhibits 1 and *261 2 were due and payable, had been sent to the defendant Crane, and nothing had been paid to date.
The defendant introduced no evidence at trial but presented seven requests for rulings to the trial judge all of which were denied. The trial judge found for the plaintiff in the sum of $2,501.78.
In denying defendant’s requests numbered 2,4 and 7, the court committed prejudicial error. The requests and rulings by the court are as follows:
2. The evidence warrants a finding that the parties agree to limit any liability of the defendant to the plaintiff to the assets of the defendant’s ward, Loretta Haley.
RULING: Denied. The defendant as guardian could not bind the person or estate of his ward, Loretta Haley, by the contract which he himself entered with the plaintiff. Rollins v. Marsh, 128 Mass. 126 (1880).
4. The evidence warrants a finding that the defendant is not personally liable for obligations to the plaintiff incurred on behalf of his ward, Loretta Haley.
RULING: Denied. See request number two above.
7. Evidence warrants a finding for the defendant.
RULING: Denied.
The denial of requests 2,4, and 7 involved rulings as a matter of law that there was no evidence to warrant a finding for the defendant. The defendant in presenting these requests to the trial judge “.. .was seeking a ruling that there was evidence sufficient to justify a finding in his favor. He was entitled to that ruling or to a statement of findings of fact showing that the requested ruling had become irrelevant.” DiGesse v. Columbia Pontiac Co., Inc. 369 Mass. 99, 102-103 (1975) See Bern v. Boston Consolidated Gas Co., 310 Mass. 651, 653-54 (1942).
In the case at bar, there was evidence before the trial judge which could have “warranted” the requested rulings. In relying solely on Rollins v. Marsh, 128 Mass. 116, 118 (1880), the trial judge ignored relevant case law. While it is true that there is case law which says that a guardian cannot by contract bind his ward [See Rollins v. Marsh, 128 Mass. 116, 118 (1880)], “it does not follow, however, that he necessarily must bind himself, or that by appropriate words he could not stipulate that he should not be personally held, or that the other contracting party could not agree to look soley to the security or to some other responsibility.” Meldon v. Grubliauskas, 317 Mass. 70, 72 (1944); J.F. LOMBARD, PROBATE LAW AND PRACTICE, Vol. 21, § 1018, pp. 103-104. Edward Crane was appointed guardian of a mentally ill ward, Loretta Haley, by order of the Middlesex Probate Court on June 15,1967 (Exh. 6). There is no evidence before the court of any familial or other relationship between ward and guardian which would give rise to personal liability outside of the legal relationship. Documents signed by Edward Crane clearly indicated he signed for “Loretta Haley per Edward A. Crane, GDN.” (Exh. 3, 4, 5) and that the person to be notified in an emergency was “Edward Crane, Attorney, Guardian.” (Exh. 5). It was clear from the documentary exhibits that Loretta Haley was a mentally ill person, hospitalized for acute psychiatric disorder (Exh. 4, 5). The bills (Exh. 1, 2) were addressed to Loretta Haley at her nursing home at 129 Lake Street, Arlington, Massachusetts 02174. (See Exh. 5). As guardian, the defendant had a responsibility under G.L.c. 201, § 37 as It was in force and effect at the time as follows:
Sec. 37. Payment of debts; representation of ward in suits. A guardian or conservator shall pay all just debts which are due from his ward out of the personal property, if sufficient and, if not, out of the real property, upon obtaining a license for the sale thereof as provided in chapter two hundred and two. He shall settle all accounts of his ward and demand, sue for and receive *262 all debts due to him or, with the approval of the probate court, may compromise the same and give discharge to the debtor. He shall appear for and represent his ward in all actions, suits and proceedings, unless another person is appointed therefor as guardian ad litem or next friend.[3]
Whether or not the guardian had undertaken to do more than required of him by his appointment and bond (See G.L.c. 201, §§ 12 and 37; G.L.c. 205, § 81) was a question of fact that the trial judge should have considered.
In this regard, the trial judge’s denial of these requests for rulings indicates that the trial judge did not consider issues of fact such as (a) whether the guardian was acting in a fiduciary capacity in the course of his administration of the estate when he signed the 1973 documents (Exhibits 3,4,5). (See G.L.c. 201, § 37 as re-enacted in 1976, and thus by appropriate words was stipulating he should not be personally held), and/or (b) whether the parties had agreed to look solely to the security or share other responsibility.[4] See Meldon v. Grubliauskas, 317 Mass. 70, 72 (1944); J.F. LOMBARD, PROBATE LAW AND PRACTICE, Vol. 21, § 1015, pp. 603-04. As aresult, the defendant “.. .has been harmed by being deprived of his right to have the evidence considered on the question of fact.” Rummel v. Peters, Mass. 504, 518 (1935).
Consideration of further issues is rendered moot by the above opinion.
Judgment for the plaintiff is reversed.
Case remanded for New Trial.

 Defendant had pleaded the affirmative defense of the Statute of Limitations but introduced no evidence at the trial.

 The report lists the certified copy of appointment of Edward A. Crane as guardian for Loretta Haley as Exhibit 5. Exhibit 5 as marked at trial is as above. Exhibit 6 as marked at trial is the guardianship appointment. All exhibits including the last two are attached to the report. The numbering appears to be no more than a clerical error.

The second paragraph of G.L.c. 201, § 37, added in 1976 appears to provide further delineation of the already existing case law.
“Individual liability of the conservator or guardian shall be determined as follows:
(a) Unless otherwise provided in the contract a conservator or guardian shall not be individually liable on a contract properly entered into in his fiduciary capacity in the course of administration of the estate unless he failed to reveal his representative capacity and identify the estate in the contract.”

 Clearly, St. Elizabeth’s Hospital was on notice that Edward Crane was the guardian of a mentally ill ward, their patient Loretta Haley. See G.L.c. 201, § 37, as quoted in footnote 3. The effect of this subsequent delineation of the statute may be considered by the trial judge at the new trial.