FREDERICK W. G. MAY *vs.* SARAH E. SKINNER & another.

Middlesex.    March 25, 26, 1890. — October 24, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Probate Appeal — Guardian's Account — Advances — Compound Interest.*

The Probate Court disallowed in a guardian's account items advanced by him out of his own money, and charged him with interest thereon to offset interest computed with monthly rests included in such items. On an appeal by the guardian, a master reported that the counter charge of interest would depend upon the allowance of items on the appeal, and left open the question of amount. Certain of the items disallowed were allowed by this court. *Held,* that it was then too late to question the allowance of interest on the items finally allowed, or the propriety of the guardian's using his own money instead of the ward's; and that interest would be allowed him with monthly rests.

Items of later date than a probate account are not to be brought before this court on appeal in the first instance.

THREE APPEALS, consolidated under the St. of 1888, c. 290, § 5, by Frederick W. G. May, guardian and executor of the will of Frederick May, from decrees of the Probate Court disallowing certain items of his account as guardian. The respondents, Sarah E. Skinner and Kate L. White, were legatees under the will. After the former decision, reported 149 Mass. 375, a hearing was had before *Holmes*, J., who reserved the case for the consideration of the full court. The facts, so far as material, appear in the opinion.

*Samuel Hoar*, ( *W. Sullivan* with him,) for the guardian.

*J. L. Thorndike*, for the respondents.

HOLMES, J. This case comes before us a second time, upon the questions whether interest should be allowed, and, if so, how it should be computed in respect of the items in controversy in the case as reported in 149 Mass. 375. The items allowed to the guardian by that decision were paid by him out of his own money. His accounts were kept with a system of monthly rests approved by this court in *May* v. *May*, 109 Mass. 252, 258. The Probate Court did not disturb the general method of accounting, but disallowed the disputed items, some of which have now been allowed by this court, and deducted them from schedule B in the account where they appeared. These items entered into the monthly balances upon which the guardian charged interest. The disallowance of the principal charges of course carried with it a disallowance of interest upon them. The mode of disallowance adopted by the Probate Court was to add interest on the disallowed items to the other side of the account, schedule A. The respondents took no appeal from the decree of the Probate Court, and the guardian only appealed from the disallowance of his charges and from the charge of interest in respect of them, so that in form his charge of interest stood allowed and the only question was of a counter charge in schedule A.

The case was referred to a master, " to hear the parties upon the matters of account involved in this appeal, to examine their vouchers and evidence, and report thereon to the court." The only reference to the present question in the report is as follows : " The amount of interest allowed on amounts disallowed, and on $7,429.30 of schedule B, will depend on what further sum

may be allowed over $10,000 on stable account, and [I] therefore wait till that is determined by the court."

The respondents contend, that the guardian ought not to be allowed any interest upon the sums disallowed by the Probate Court but allowed by this court on appeal; that if he advanced his own money to build the stable, it is for him to show that he could not have used his ward's money; and that the respondents have not yet had a chance to go into the facts upon that point. They also move that, if the court should be of opinion that they are precluded from raising this objection on the record as it stands, the case may be opened so as to allow them to contest the guardian's claim. The respondents further contend, that, if interest is allowed, the system of monthly rests adopted amounts in substance to charging compound interest, and that only simple interest should be allowed. Lastly, they ask that the account be brought down to the date of the decree and be finally adjusted, the whole estate having been turned into cash.

With regard to the first point, we are of opinion that the respondents are too late to dispute the guardian's right to charge interest, on the record as it stands, and that no sufficient reason is shown for reopening the case. We do not go upon any single fact, but upon the combined effect of all the facts. The respondents did not appeal, and therefore left not only the general mode of accounting, but also the guardian's charge of interest, undisturbed, relying solely on their success in opposing his appeal from the counter charge by the Probate Court. When the case went to the master, if there had been any facts bearing on the right to charge interest, that was the time to prove them, and it was not for the master to postpone any part of his duty in the way of settling whatever was necessary to a decision of the case. His language is satisfied by the construction that matters of simple computation were reserved until the law was established by the decision of this court. He makes no reference to any fundamental dispute of the guardian's right to interest, but says that the amount of the counter charge will depend on the decision of the court, and therefore reserves that question of amount. Finally, we are satisfied that the counsel for the guardian never understood, or had reason to understand, that the facts entitling him to charge interest were denied, if his principal charges were allowed.

The question how interest is to be computed is in form a question of the amount of the counter charge to be made against the guardian. The most obvious way of determining that amount is to compute interest with monthly rests upon the items finally disallowed, in the same way that it was charged by the guardian. We feel the force of the respondents' argument, that practically the guardian has charged compound interest, and we certainly do not mean to give any new sanction to the right to do so as a principle. But in view of the decision upon this guardian's mode of accounting in *May* v. *May, ubi supra,* the fact that the parties have gone on without question upon that footing ever since, the form and limits of the appeal, and the present posture of the case, we are of opinion that the mode which we have indicated must be adopted. If the attempt is made to charge interest in the same way hereafter, then in any further account, if the objection is seasonably taken, we shall consider the question unaffected by what we now decide.

The guardian claims to be entitled to allowances for expenses incurred since the date of this account. These must be made the matter of a subsequent account. We cannot allow later items to be introduced into the account upon an appeal, and to that extent act as a court of first instance, in order to make the present account final.   *Decree accordingly.*