SIMEON MARCUS *vs.* WALTER R. DYER.

Suffolk.    December 14, 1898. — July 1, 1899.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Mortgage — Equity Practice — Findings of Master — Appeal from Decree — Assignment — Trust — Validity of Agreement after Foreclosure — Right to Redeem.*

Upon an appeal from a decree of a justice of the Superior Court sitting in equity on questions of fact arising upon exceptions to a master's report, his findings will not be reversed, unless they clearly appear to be erroneous.

If a mortgage of land is assigned by the mortgagee, with the knowledge and assent of the beneficial owner of it, to a trustee under a declaration of trust, who holds it and other property as security for the payment of two notes indorsed by A., and who, under the terms of the trust, forecloses the mortgage by sale, and subsequently, the notes having been paid, conveys the property to A. free from all encumbrances, an agreement made after the foreclosure sale between B., a grantee of the mortgagor, and the former beneficial owner of the mortgage, that the sale shall not operate to the prejudice of B., if not authorized or ratified by A., is invalid, and B. cannot maintain a bill in equity against A. to redeem the land from the mortgage.

BILL IN EQUITY, filed February 10, 1898, in the Superior Court, to redeem land in Boston from a mortgage. At the hearing a decree was ordered overruling the plaintiff's excep-

tions to a master's report, and dismissing the bill; and the plaintiff appealed to this court.      The facts appear in the opinion.

H. C. *Whitney & J. W. Keith,* for the plaintiff.

G. F. *Ordway,* for the defendant.

MORTON, J.    This case comes before us on an appeal from a decree of the Superior Court overruling the exceptions to the master's report and ordering the bill to be dismissed.    All of the testimony that is material is before us.    The exceptions relate largely to the master's findings in regard to matters of fact, and as to such findings, so far as they are material, we deem it sufficient to say that upon examination of the evidence we discover no error.    The first exception is to the alleged finding that the plaintiff is not entitled to redeem.    The master does not so find in terms.    But the exception fairly may be regarded as presenting the question whether upon the whole evidence the plaintiff is entitled to redeem.    Some of the other exceptions also involve questions of law.    And it is necessary to consider whether, as the case stands, there is any ground on which the plaintiff can maintain his bill as matter of law.

The mortgage from which the plaintiff seeks to redeem was assigned by the mortgagee with the assent and knowledge, as the master finds, of Micah Dyer, Jr., who was the beneficial owner of it, to Charles R. Batt as trustee under a declaration of trust dated February 2, 1897, and was held by him, as the master also finds, subject to the trusts contained in said declaration. The declaration of trust related to other property besides the mortgage in question, and provided that it was all to be held by the trustee as security for the payment of two notes to the National Security Bank of Boston, signed by said Micah Dyer, Jr., and indorsed by the defendant.    It also provided that upon nonpayment of the notes the trustee could sell the security and apply the proceeds to the payment of the notes; that in the meantime he might permit the defendant to take care of and manage at his own expense the trust property; that the trustee should sell on the written request of the defendant any portion of the trust property and apply the net proceeds to the payment of the notes, paying any surplus to the defendant, free and discharged of all trusts; and that upon payment in full of the notes

the trust property should be conveyed by the trustee to the defendant free and discharged from all trusts, as his sole and absolute property forever. Pursuant to a written request from the defendant, default also having been made in the payment of the principal and interest, the trustee proceeded to foreclose and did foreclose the mortgage by sale. The master finds that there was no irregularity or unfair conduct in the management of the sale. The trustee deeded the property to one McLoud, who conveyed it back to him as trustee under the same declaration of trust, and subsequently the notes having been paid, Batt, in accordance with the terms of the trust, conveyed the property to the defendant free and discharged from all incumbrances thereon.

The plaintiff, who was a grantee of the mortgagor, contends that after the foreclosure sale there was an agreement between him and Micah Dyer, Jr., and Mr. Hiram P. Harriman, the owner of a third mortgage, the mortgage in question being a second mortgage, that the sale should not operate to the prejudice of the plaintiff or of said Harriman, and that in consequence of said agreement Mr. Harriman gave his note to Micah Dyer, Jr., for $1,265, of which $1,000 was to be applied to the mortgage in question. The master finds that there was such an agreement, and that such a note was given though never paid. But he also finds, that, in making the agreement, Micah. Dyer, Jr., did not act or purport to act as agent for or on behalf of the defendant, but for himself, and further says that he is unable to find as a fact that the defendant " ever adopted or affirmed the agreement made with his father (Micah Dyer, Jr.), or consented that the foreclosure proceedings might be opened and the property redeemed." Unless the defendant was a party to the agreement, or adopted or ratified it, or consented that the foreclosure proceedings might be opened, the agreement of Micah Dyer, Jr., amounted to nothing. Upon the assignment of the mortgage to Batt as trustee, Micah Dyer, Jr., ceased to have any interest in it, and the equitable title to it vested in the defendant subject to the trusts on which it was held by Batt. The contentions of the plaintiff, so far as they involve matters of law, are based largely if not wholly, we think, on a misapprehension of the effect on the rights of Micah Dyer, Jr., of the assignment of the mortgage to Batt as trustee. That assignment, as we have

observed, divested him of his interest in the mortgage, and any agreement which he subsequently made with the plaintiff and Harriman in regard to the foreclosure was invalid unless authorized or ratified by the defendant. The result is that we think that the decree of the Superior Court should be affirmed.

*So ordered.*