CHARLES S. ENSIGN, JR., guardian, *vs.* JOSEPHINE FAXON.

Middlesex.     January 12, 1917. — March 2, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CARROLL, JJ.

*Guardian,* Of insane person.

Where the guardian of an insane person has been discharged by a decree of the Probate Court adjudging his ward to be sane and in his final account as guardian an item relating to a certain mortgage for $5,000 is disallowed by the court as an unsuitable investment, such guardian is entitled to the possession of the mortgage and the mortgage note, he being liable to his former ward for the amount of the principal and interest of the mortgage note.

APPEAL from a decree made by a single justice of this court after the issuing of the rescript in the case of *Ensign* v. *Faxon,* 224 Mass. 145, as described in the opinion.

The decree was made by *Crosby,* J. By it the decree of the Probate Court was modified by disallowing certain items of the guardian's eighth and final account thereby allowed. Among the items as to which the decree of the Probate Court was affirmed was item 83 in Schedule B of that account, which was as follows:

"83 [Aug. 1914] 4   Mortgage Note of Elizabeth & Edward J. Doherty, dated Dec. 31, 1910, secured by mortgage of real estate on Malvern Terrace, Medford, 5,000."

The statement of the auditor appointed by the Probate Court in regard to this item is quoted in the opinion.

The decree of the Probate Court in regard to this item was as

follows: "It is decreed that said account be allowed, as modified by said auditor's report i. e., Item 83 of Schedule B for $5,000 is disallowed and the accountant is charged with this sum with interest at five per cent, from the date to which the mortgage named has been paid, in addition to the balance as stated in Schedule C of this account, and in addition to the modifications of the fifth, sixth and seventh accounts; and that all of the objections made to the rulings and admission of evidence set forth in the report of the auditor, applying to this and previous accounts are overruled."

Charles S. Ensign, junior, the guardian, appealed from the decree made by the single justice.

*G. M. Poland,* for the guardian, submitted a brief.

*C. M. Bruce,* for Josephine Faxon.

DE COURCY, J. On the petition of Miss Faxon, alleging that she was sane, the Probate Court on April 15, 1914, discharged Mr. Ensign as her guardian. On August 4, 1914, while his sixth, seventh and eighth accounts were pending in the Probate Court, and his appeal from the decree discharging him as guardian was pending in the Supreme Judicial Court, he left with Miss Faxon certain bank books and securities held by him, although she declined to accept them. Among them was a mortgage and note of Elizabeth and Edward J. Doherty for $5,000, which then was a year and a half overdue. This was included in the guardian's eighth account as item 83, and was disallowed by the auditor and by the Probate Court as an unsuitable investment. In the auditor's report it is stated: "It was agreed by counsel that in the event of my so finding the accountant should be charged with the full amount of the item, $5,000, with interest thereon at five per cent from the date up to which the mortgage interest has been paid, and that upon payment of this sum the note and mortgage should be assigned to him." This item was not in controversy when the case was before us on the appeal of Miss Faxon from the decree allowing the guardian's accounts. See *Ensign* v. *Faxon,* 224 Mass. 145.

After rescript, a single justice of this court entered a final decree by which the accountant, Ensign, was charged among other things with the amount of said item 83, with interest. The only question he seeks to raise by this appeal is whether he now should be charged with that item. We find nothing in the agreed facts to

warrant a reversal of the decree, which must stand unless it is plainly wrong. *Chase* v. *Chase,* 216 Mass. 394. Since August 4, 1914, when the mortgage was delivered to Miss Faxon, it appears that about $500 unpaid interest has accrued on the mortgage note, approximately $300 taxes on the property are in arrears, and the two second mortgages included in the $5,000 mortgage have been destroyed by the foreclosure of prior ones. But the accountant knew from the report of the auditor, filed on July 22, 1915, that he was called upon to assume this overdue mortgage, which was disallowed as an investment of his ward's money. He knew later of the foreclosure of the first mortgages, and of the non-payment of taxes, and did not protect himself. Even if Miss Faxon, who declined to accept the Doherty mortgage, owed any duty to protect it, she was not aware of the non-payment of taxes or of the foreclosures until informed of them by Mr. Ensign in July, 1916; and it appears that her attorney notified Doherty in September, 1914, to pay the mortgage, and later demanded the interest. In short, the appellant has not shown that the value of this mortgage, which in reality is his own, has been lessened by the failure of Miss Faxon to perform any duty owed by her with reference to this investment. And she is under no obligation to keep the mortgage on the principle of election or of ratification.

The appellant however is entitled to the Doherty mortgage and note now in her possession, as he is held liable for the amount thereof and interest. He made a demand on her attorney for these papers on October 16, 1916. The decree of the single justice should be modified so as to provide for the assignment of the mortgage and note to the appellant, and as so modified is affirmed.

*Decree accordingly.*