FREDERICK K. DAY, conservator, *vs.* JOHN L. NICHOLS, executor.

Middlesex. March 30, 1917. — September 25, 1917.

Present: RUGG, C. J., DE COURCY, CROSBY, & PIERCE, JJ.

*Probate Court*, Appeal. *Supreme Judicial Court. Conservator.*

Under R. L. c. 162, § 23, which gives to the Supreme Judicial Court on an appeal from a decree of the Probate Court the power to "enter such decree thereon as the Probate Court ought to have entered . . . or make any other order therein, as law and justice may require," the authority of the appellate court is limited necessarily to the issues heard and determined in the Probate Court, and the statute cannot be construed to confer on the Supreme Judicial Court jurisdiction to determine matters not necessarily involved in the determination of the issues before the Probate Court.

Accordingly on an appeal from a decree of the Probate Court allowing with certain modifications the accounts of a conservator of the property of a deceased ward, the allowance of which was opposed by the executor of the will of the ward, it was *held* that the single justice who heard the appeal was right in refusing as matter of law to allow charges of the conservator for services of counsel rendered and expenses incurred after the decree of the Probate Court was made, and it was *said* that the conservator must seek relief by the presentation of a supplemental account in the Probate Court.

In the same case it was *held* that such charges could not be allowed as costs and expenses under R. L. c. 162, § 44, because under the circumstances of the case the account allowed was not a final account nor in the nature of a final account.

In the same case it was *held* that a finding of a master in regard to the account of

the conservator, that it was prudent for the conservator to leave deposited in a trust company uninvested a balance of from $1,200 to $2,000, earning only two per cent, could not be said to be clearly erroneous, where the master also found that the condition of the ward was such that at any time the conservator "might be called upon to defray the cost of doctors, nurses and attendants" and also of the removal of the ward to an asylum and of treatment there.

In the same case the master found that certain presents of money and furs by the conservator to the persons who had personal custody of the ward were made solely for what the conservator conceived to be the interest and benefit of the ward, that the expense to the estate of the gifts was small and that the results were of inestimable value to the ward, and it was *held* that the payments for the presents were wise and judicious expenditures of the money of the ward.

In the same case it appeared that it was necessary for the conservator to attend the funeral of the ward and that he made a charge for expenses incurred in attending the funeral, but there was no evidence to show the amount of such expenses, and it was *held* that an exception to the master's finding must be overruled.

In the same case certain charges of the conservator related to the collection by him of money due on a policy of the Massachusetts Hospital Life Insurance Company and it appeared that by the terms of the policy, which was called an "annuity in trust," the principal sum was to be paid "to the said conservator or his successors," and it was *held* that the collection of the money due on the policy was proper and that all reasonable expenses incidental to its collection were incurred properly by the conservator.

In the same case the evidence relating to the reasonableness of the charges of the conservator for his own services was not reported, but the master's conclusion of fact, that the charges were reasonable, was in accordance with the evidentiary facts reported by the master and was affirmed by the single justice who heard the case, and it was *held* that an exception to the finding must be overruled.

Upon cross appeals taken by an executor and by the conservator of the property of the testatrix from a decree of the Probate Court allowing with certain modifications the account of the conservator, the question of taxable costs rests wholly in the discretion of the single justice who hears the appeals.

CROSS APPEALS to the Supreme Judicial Court from a decree of the Probate Court of the county of Middlesex allowing with certain modifications "the first and final account and supplemental account" of Frederick K. Day, as conservator of the property of Anna W. Meeker, late of Newton, who died on June 30, `1913, the first appeal being taken by the conservator named and the other appeal being taken by John L. Nichols, the executor of the will of Anna W. Meeker.

In the Supreme Judicial Court the case was referred to a master upon both appeals. Later the case was heard by *Braley,* J., upon the exceptions to the master's report. The twenty-three exceptions filed by John L. Nichols, executor, are described in the opinion sufficiently for an understanding of the disposition of them

made by the court. The single justice made the following memorandum of decision:

"At the hearing before me on the entry of a final decree counsel for the conservator asked me that the conservator should be allowed the following sums incurred by him subsequent to the decree of the Probate Court: Compensation for his services, $880.00, Pocket expenses, $195.60, Disbursements of counsel, $10.72, Charge for recording and transcription of evidence at the request of the master, $66.15, Services of counsel, $2,060.00.

"Independently of any question of discretion I ruled as matter of law that none of these amounts should be allowed, and ordered them omitted from the final decree."

By order of the justice a final decree was entered modifying the decree of the Probate Court in accordance with the master's report, and affirming the decree of the Probate Court as so modified, remanding the case to that court for further proceedings in accordance with the final decree and ordering that execution issue for taxable costs of suit to be paid by John L. Nichols, executor. Both John L. Nichols, executor, and Frederick K. Day, conservator, appealed from the final decree.

R. L. c. 162, § 23, is as follows: "The Supreme Judicial Court may, upon appeal, reverse or affirm, in whole or in part, any decree or order of the Probate Court, and may enter such decree thereon as the Probate Court ought to have entered, may remand the case for further proceedings, or make any other order therein, as law and justice may require."

R. L. c. 162, § 44, is as follows: "In cases which are contested before a probate court or before the Supreme Court of Probate, costs and expenses in the discretion of the court may be awarded to either party, to be paid by the other party, or they may be awarded to either or both parties, to be paid out of the estate which is the subject of the controversy, as justice and equity may require. If costs are awarded to be paid by one party to the other, execution may issue."

*H. M. Channing & J. P. Jackson, Jr.,* for the conservator.

*S. M. Child,* for the executor.

PIERCE, J. The conservator asks this court to direct a modification of the decree of the single justice, to the purpose and end that the defendant, John L. Nichols, as executor, be ordered to

pay to Frederick K. Day $2,007.81, the amount established to be
due to Day by the final decree, and also, that Nichols personally
be ordered to pay to the plaintiff the taxable costs and the reas-
onable expenses and charges incurred and rendered by him in the
contests over his accounts, both in the Probate Court and in the
Supreme Judicial Court.

The power of this court on appeal to "enter such decree thereon
as the Probate Court ought to have entered . . . or make any
other order therein as law and justice may require," R. L. c. 162,
§ 23, is necessarily limited to the issues heard and determined by
the Probate Court, and the statute rightly cannot be construed to
confer on this court original jurisdiction to determine rights and
controversies not necessarily involved in the determination of the
matters in issue before the Probate Court.

The question of the obligation of the estate to reimburse the
conservator for payments made and expenses incurred on behalf of
the ward, and the further question of any individual obligation
of the executor on the facts manifestly were not and could not
have been considered by the Probate Court and therefore an
appeal cannot be considered by this court.  The conservator must
seek relief through the allowance of a supplemental account
in the Probate Court.     *Munroe* v. *Holmes*, 9 Allen, 244;
*S. C.* 13 Allen, 109.  *May* v. *Skinner*, 152 Mass. 328.  *Horton*
v. *Robinson*, 212 Mass. 248.  The request to be allowed reasonable
expenses and charges under R. L. c. 162, § 44, was denied rightly
under the circumstances of this case, because the account allowed
was not a final account or in the nature of a final account.  Upon
the determination of the action of *Day* v. *Old Colony Trust Co.*
*ante*, 225, the relief can be sought in a supplementary account
in the Probate Court.  *Ensign* v. *Faxon*, 224 Mass. 145.  *Loring*
v. *Wise*, 226 Mass. 231.

On appeal the cases were sent by the single justice to a master
"to hear the parties and report his findings to the court, together
with such facts and questions of law as either party may request."
The master made findings of fact but made no report of the evi-
dence.  Upon the coming in of the report the executor, John L.
Nichols, duly filed twenty-three exceptions thereto.  He also filed
a motion to recommit the report to the master with instructions
to find specifically and in detail the dates, nature, kind and subject

of the legal services of H. E. Bolles and of the conservator, Day. The single justice denied the motion to recommit, overruled the exceptions, and confirmed the report.

The first, second and third exceptions are but objections to the statements by the master of subsidiary facts descriptive of the conditions and circumstances of the ward, a knowledge of which is valuable if not needful to a clear understanding of the duties the conservator was required to undertake to perform. These exceptions were overruled rightly.

The fourth exception relates to a controversy between the executor and the conservator as to whether Nichols had agreed to pay the taxes of 1907 and 1908 as a part of the obligation of Nichols upon a note payable to the ward. The question is quite remote from any issue of accounting and the exception was overruled rightly.

The fifth exception relates to a claim made upon Nichols for certain travelling expenses, incurred, as the master finds, by reason of attempts made by Day to collect the note of Nichols. These demands were not allowed and the exception was immaterial and was rightly overruled.

The sixth exception, relating to the finding of the master that it was prudent to carry a balance of $1,200 to $2,000, earning two per cent in the Old Colony Trust Company, cannot be sustained as clearly erroneous in view of the further finding of the master that the condition of the ward "was such that at any time" the conservator "might be called upon to defray the cost of doctors, nurses and attendants," as also of the removal of the ward to an asylum and of treatment there.

The seventh and eighth exceptions are not argued and are treated as waived.

The ninth exception relates to certain presents of money and furs to the persons who had personal custody of the ward. The master finds these presents were made solely for what the conservator conceived to be the interest and benefit of the ward; that the conservator sought through the gifts to insure to the ward the solicitous care of attendants, and additional, continuous and patient watchfulness and devotion. The master also found that the expense to the estate was small, and that the advantages were of inestimable value to the ward. In these circumstances we

are of opinion that the gifts or presents were wise and judicious expenditures of the property of the ward. This exception was overruled rightly. *May* v. *May*, 109 Mass. 252, 256.

The tenth and nineteenth exceptions relate to the reasonableness of any charge for expenses incurred in attending the funeral of the ward. There is nothing in evidence to show the amount of such expenses and it appears that there was a real necessity for such an attendance. The exceptions must be overruled.

The eleventh, twelfth and twentieth exceptions relate to the collection of money due on the policy of the Massachusetts Hospital Life Insurance Company and to the expenses incurred in so doing. An examination of the "Annuity in Trust" policy discloses that the principal sum was to be paid "to the said conservator or his successors" by the terms of the trust instrument. The collection of the money due and all reasonable expenses incidental thereto, were proper to be done and incurred. These exceptions must be overruled.

The thirteenth exception relates to the reasonableness of the charges of the conservator for his compensation. The evidence is not reported, the master was not bound to report it. *Martin* v. *Barnes*, 214 Mass. 29. The conclusions of fact follow from the reported evidentiary facts, they are affirmed by the single justice, they do not appear to be clearly wrong. The exception must be overruled. *Marcus* v. *Dyer*, 174 Mass. 64.

The fourteenth, fifteenth, sixteenth and seventeenth exceptions are either immaterial or are covered by previous exceptions and must be overruled.

The eighteenth exception is covered by the ninth exception and must be overruled.

The twenty-first exception is waived.

The remaining exceptions relate to the restatement of the account of the conservator made necessary by the findings of the master, and must be overruled.

The question of taxable costs on cross appeals rests in the discretion of the judge.

It follows that the decree must be affirmed.

*So ordered.*