CHARLES S. ENSIGN, JR., guardian, vs. JOSEPHINE FAXON.

Middlesex.    November 13, 1917. — January 8, 1918.

Present: RUGG, C. J., CROSBY, PIERCE, & CARROLL, JJ.

*Guardian.  Probate Court,* Accounts, Appeal, Decree.

Upon an appeal to the Supreme Judicial Court from a decree of the Probate Court
upon an account of a guardian purporting to be a final account, a decree may be
entered by order of a single justice which, following the practice in equity, makes
an adjudication as to disbursements and charges of the guardian in connection
with that account and hearings upon it up to and including the termination of
proceedings respecting it.

Where a decree entered by order of a single justice upon such an appeal does not
purport to make any adjudication as to disbursements and charges of the ac-
countant since the date to which the "final account" runs and relating to the
litigation as to the allowance of that account, but remands the case to the
Probate Court "for further proceedings," the accountant should be permitted
to file in the Probate Court a further account bringing before the court for deter-
mination the question whether such items should be allowed.

The mere fact that the account which was appealed from was entitled a "final
account" does not preclude the accountant from seeking an adjudication upon
the later items in the subsequent account.

By such an account, also, may be brought before the Probate Court the propriety
of payments by the accountant of premiums upon his bond during years when
the question of the allowance of the alleged final account was pending.

By R. L. c. 150, § 20, the guardian is given a right also to include in such an account
an item showing a payment to the ward of a balance which by the decree modify-
ing the former account was found still to be due to the ward from him.

APPEAL by the former guardian of Josephine Faxon from a
decree of the Probate Court for the county of Middlesex allowing
a motion of the ward that a ninth guardian's account be dismissed.

The first to the eighth accounts of the guardian previously were
before this court upon appeals and decisions were rendered which
are reported in 224 Mass. 145 and 226 Mass. 218. The eighth
account was entitled "Guardian's Eighth and Final Account"
and purported to cover a period ending with August 4, 1914.
After the rescript issued in accordance with the decision in 226
Mass. 218, a decree entitled a "Final Decree" was entered on
March 22, 1917, by order of a single justice of this court and by
assent of the parties, which, so far as material, was as follows:

"The total amount with interest computed to March 20, 1917, with which the guardian is charged . . . being $10,235.82, as balance in Schedule C of the Eighth and Final Account of said Guardian due said Josephine Faxon, and it is further ordered, adjudged and decreed that the appellant, Josephine Faxon, forthwith assign and deliver to the said guardian, Charles S. Ensign, Jr., the promissory note for $5,000 and the mortgage securing said note given by Elizabeth Doherty and Edward J. Doherty to said Josephine Faxon . . . and as modified the various decrees of the Probate Court are affirmed, and the cause is remanded to the Probate Court for further proceedings."

Thereafter the former guardian filed in the Probate Court the ninth account, which now is in question. It charged the accountant, in schedule A, with the sum of $8,974.83, which previously had been decreed to be due on the eighth account, and with various amounts of interest on balances previously decreed to be due because of modifications of the fifth, sixth, seventh and eighth accounts. In schedule B were credits to the accountant for expenses of witnesses, stenographers, a constable, printing of record and of briefs and services of an attorney and of the guardian, alleged to have been incurred in the hearings upon the first eight accounts; and also two items of payments made on February 10, 1916, and March 15, 1917, for "premium on guardian's bond," and the sum of $7,428.06 alleged to have been paid to the ward.

The ward moved in the Probate Court to "dismiss the ninth account." The motion was heard by *Chamberlain,* J., who made the following decree: "The within motion is allowed. The guardian having rendered a final account passed upon by the court, there is no warrant in law, as the case now stands, for a further accounting. The 'ninth account' is accordingly disallowed."

The former guardian appealed. The appeal was heard by *Loring,* J., by whose order a decree was made, which recited that it appeared that the Doherty mortgage and mortgage note had been delivered to the former guardian in accordance with the decree entered by order of the single justice on March 22, 1917, and "ordered, adjudged and decreed that the decree of the Probate Court in the matter of the ninth account, be, and the same

hereby is, affirmed and said cause is remanded to said Probate Court for further proceedings."

The former guardian appealed.

*G. M. Poland,* (*L. P. Jordan* with him,) for the guardian.

*C. M. Bruce,* for the respondent.

RUGG, C. J.   This is an appeal from a decree disallowing the ninth account of the petitioner as guardian of the respondent. The reason for this decree was stated in it to be that since the guardian has "rendered a final account passed upon by the court, there is no warrant in law, as the case now stands, for a further accounting." The account so passed upon by the court was entitled "Guardian's Eighth and Final Account." Questions respecting it came to this court in 224 Mass. 145, and in 226 Mass. 218.

The decree was final as to all matters within its sweep. The account to which it related, according to its statement of period covered, ended with August 4, 1914. The final decree on it was entered in this court on March 22, 1917. It contains no recital that it comprehends all matters relating to the estate of the ward after the date when the account was filed. It does include in the balance due from the guardian interest computed to March 20, 1917. It would have been within the power of the single justice to have made an adjudication as to the disbursements and charge of the guardian in connecting with that account up to and including the termination of proceedings respecting it. A decree may be made in this particular final, provided it appears by its express terms that that matter has been considered and disposed of. Thus an end may be put to litigation touching it. That is the practice in equity. *Bauer* v. *International Waste Co.* 201 Mass. 197. *Day* v. *Mills,* 213 Mass. 585. *Collins* v. *Snow,* 218 Mass. 542, 545. *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 9. Probate practice in this court follows that of equity so far as practicable and applicable. *Chapman* v. *Chapman,* 224 Mass. 427, 428. It is in harmony with the decision between these parties in 224 Mass. 145, and with *Day* v. *Nichols,* 228 Mass. 236, 239. But the decree on the "Eighth and Final Account" does not show that this was done. The accountant, therefore, in justice ought to be allowed an opportunity to have his day in court at some time upon the question whether he ought to be allowed for his expenses incurred in connection with that

litigation. While other parties to that litigation are precluded from seeking their costs and expenses after its conclusion, R. L. c. 162, § 44, *Lucas* v. *Morse,* 139 Mass. 59, the guardian not having been required and not having elected to have those matters passed on in the earlier decree, may file a supplemental account in the Probate Court.

In the account now before us the guardian has charged against the estate disbursement made since the period covered by the eighth account and disconnected with litigation respecting it. He claims to be entitled to premiums paid on his bond as guardian. Such items ordinarily would not be introduced in an account upon appeal, although it is not decided that premiums on bonds may not be included for the purpose of making an account in truth final. This court does not act as a court of first instance in probate appeals. *May* v. *Skinner,* 152 Mass. 328.

It is not conclusive against the filing of another account that the next preceding account was described and treated as final and the decree thereon entitled final, provided justice appears to require a further accounting. *Baylies* v. *Davis,* 1 Pick. 206. *Foster* v. *Foster,* 134 Mass. 120.

According to the decree upon the last preceding account there was a balance in excess of $10,000 due from the guardian. It was his duty under the earlier decree to pay that sum to Miss Faxon. He had a right under R. L. c. 150, § 20, to perpetuate the evidence that he disposed of that balance according to law by presenting an account of his payment to the Probate Court.

All these circumstances lead to the conclusion that some of the items set forth in the present account were not on their face included within nor disposed of by the former account and the decree thereon. The decree is reversed and the account is to stand for hearing.

*So ordered.*