CHARLES J. McINTIRE, JUDGE OF PROBATE, *vs.* CHARLES S. ENSIGN, JR., & another.

Middlesex. November 21, 1918. — January 23, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Guardian. Bond,* Of guardian.

An action upon the probate bond of a guardian of an insane person, begun after the ward has been adjudged sane and the guardianship has been terminated but before a final decree has been entered upon an alleged final account of the guardian, which has been filed, and alleging as the breach of the bond relied on a failure to deliver all the ward's property to him, is prematurely brought and, after a hearing disclosing such facts, judgment therein must be entered for the defendant.

CONTRACT upon a guardian's bond filed by the defendant Charles S. Ensign, junior, as principal, and the defendant, the Title Guaranty and Surety Company, as surety, in the Probate Court for the county of Middlesex, the breach of the bond alleged

in the declaration being that the defendant Ensign as principal failed to pay over and to deliver to the ward, Josephine Faxon, upon the expiration of his trust as her guardian all the estate due from him to her as such guardian.

The answers of the defendants alleged, besides general denial and payment, that there was pending in the Probate Court for the county of Middlesex the ninth account of the defendant Ensign as guardian, that no decree had been entered on said account adjudicating that anything was due from him to her, and that, until a decree was entered by the Probate Court on that account, no action on the bond could be maintained, for the reason that the questions, whether anything was due from Ensign as guardian and, if so, how much was due, were within the exclusive jurisdiction of the Probate Court.

The action was heard by *Fox,* J., upon an agreed statement of facts. The defendants asked the judge to rule as follows:

"1. On all the evidence, there has been no breach of the guardian's bond.

"2. On all the evidence, the plaintiff is not entitled to recover.

"3. An action cannot be maintained on the guardian's bond for his failure to turn over property of the estate to Miss Faxon, until the Probate Court shall have passed upon his ninth account and entered a decree thereon."

The judge refused to rule as requested and found for the plaintiff in the penal amount of the bond. The defendants alleged exceptions.

*G. M. Poland,* (*L. P. Jordan* with him,) for the defendants.

*C. M. Bruce,* for the plaintiff.

BRALEY, J. The bond declared on was given under R. L. c. 149, § 1, cl. 6, and by the fourth condition the principal as the probate guardian of his ward, who in the case at bar was an insane person, is required "At the expiration of his trust to settle his account in the Probate Court or with the ward or his legal representatives, and to pay over and deliver all the property remaining in his hands or due from him on such settlement, to the person or persons lawfully entitled thereto."

A guardian, if living, is not discharged unless payment has been made or the property delivered either to the ward or his legal representatives, or to his successor in office if a successor is ap-

pointed. *Loring* v. *Alline,* 9 Cush. 68. *Harding* v. *Weld,* 128 Mass. 587, 591. *McKim* v. *Mann,* 141 Mass. 507. *Hill* v. *Arnold,* 199 Mass. 109. The question when the limitation in favor of the sureties as provided in R. L. c. 149, § 5, begins to run is not before us. See in this connection the cases just cited.

The guardian, presumably on the ground that his ward had become sane, having been discharged by a decree of the court of probate entered April 15, 1914, and affirmed on appeal by this court August 18, 1914, filed and presented for allowance what purported on its face to be the eighth and final account covering a period ending August 5, 1914, on which a decree was entered charging the accountant with a balance of $10,235.82. The statement of agreed facts shows that immediately upon the entry of this decree the guardian filed a ninth account covering a period from August 5, 1914, to March 20, 1917, in which the disbursements exactly equalled the balance with which he had been charged in the eighth account. The ninth account on motion of the former ward was dismissed. But, on appeal, this court in *Ensign* v. *Faxon,* 229 Mass. 231, reversed the decree and ordered that the ninth account should stand for hearing in the court of probate where it was pending for allowance when the present action was brought against the principal and sureties for breach of the bond.

The guardian had the right under *Ensign* v. *Faxon,* 229 Mass. 231, to have the ninth account adjusted and settled before, on the present record, an action for breach of the bond could be maintained. *Rhines* v. *Wentworth,* 209 Mass. 585. *Green* v. *Gaskill,* 175 Mass. 265. R. L. c. 150, § 20. It was suggested in argument by the plaintiff's counsel that because of unreasonable delays the estate is being kept open to the great detriment of the former ward. While it is his duty to have the account passed upon, yet, if he remains inactive, his former ward can ask for a hearing and the court of probate, treating the eighth account as interlocutory, can, if he neglects to appear or fails properly to account for the balance, proceed to a decree charging him with such an amount as is found to be justly due and which he should pay over in the discharge of his trust. *Bennett* v. *Pierce,* 188 Mass. 186.

The action having been prematurely brought, the exceptions must be sustained and judgment entered for the defendants.

*So ordered.*