CHARLES E. S. TOWNSEND *vs.* EDWARD S. TOWNSEND.

Norfolk.   March 10, 1925. — April 16, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Guardian.   Superior Court,* Jurisdiction.   *Practice, Civil,* Variance.

The Superior Court has jurisdiction of an action of contract by one who became of age on May 7 of a certain year against one who had been appointed his guardian when he was a minor for a balance of cash shown to be due him by a decree of the Probate Court upon an account by the guardian stated to be for a period ending eight days after the plaintiff became of age.

The declaration in an action of the character above described was for money had and received by the defendant to the plaintiff's use, being a balance "found due by final decree . . . for money received by the defendant as guardian of the plaintiff." At the hearing the plaintiff introduced in evidence a certified copy of the account and of the decree of the Probate Court thereon and rested. It appeared that the account was entitled "Guardian's 1st Account." The defendant offered no evidence. *Held,* that

(1) There was no variance between the declaration and the proof;

(2) Whether the account was a final account need not be determined, as the defendant offered no evidence tending to show that it was not such.

CONTRACT for $3,878.89 with interest from April 26, 1922, "money received by the defendant to the plaintiff's use," and specified in a bill of particulars to be "Balance found due by final decree of the Probate Court for the county of Middlesex, which decree has been affirmed by the Supreme Judicial Court of the Commonwealth, for money received by the defendant as guardian of the plaintiff while he was a minor, said plaintiff being now of full age." Writ dated August 22, 1923.

In the Superior Court, the action was heard by *J. F. Brown,* J., without a jury. The plaintiff introduced certified copies of records of the Probate Court showing the following facts:

By a petition dated March 4, 1904, the defendant sought appointment as guardian of the plaintiff, "born May 7,

1898," and of "Newell Colby Townsend, born Jan. 27, 1902, . . . minors and children of Edward S. Townsend and Georgie D. Townsend."

The defendant filed a "Guardian's 1st Account" as guardian of the plaintiff covering a period beginning with April 1, 1904, and ending May 15, 1919, which showed in Schedule C nine items, the first being "20 shares N. Y., N. H. & H. R. R. Stock 145½ & com., $2,911.56" and the ninth being "Cash on hand, May 15, 1919, $39.46;" the total of the schedule being $10,076.45.

On April 26, 1922, a decree of the Probate Court was entered which, among other things, amended Schedule C by substituting for item 1 "an item 'Cash $3,839.43' leaving a balance of $11,004.32 in the hands of said guardian to be accounted for."* There was no other evidence.

Contentions by the defendant and rulings by the trial judge are described in the opinion. The judge found for the plaintiff in the sum of $4,337.76, "being the amount of 'cash' in the Decree of the Probate Court, as shown by said certified copy of record plus interest." The defendant alleged exceptions.

*G. H. Mellen,* for the defendant, submitted a brief.

*S. M. Child,* for the plaintiff.

CROSBY, J. This is an action of contract brought in the Superior Court to recover the amount shown to be due on a guardian's account. The account is entitled "Guardian's 1st Account," and was allowed by decree of the Probate Court before the present action was instituted. It shows a large balance due the plaintiff, who was the ward of the defendant. The plaintiff became of full age on May 7, 1919. The period covered by the account ended on the fifteenth day of May, 1919. No evidence was offered by the defendant, who requested the court to rule that it had no jurisdiction over the parties and that there was a variance between the declaration and the account annexed. The requests were rightly denied. The Superior Court has jurisdiction over the cause of action and the parties. Although a

---

* See *Townsend* v. *Townsend*, 243 Mass. 401.

guardian has a right to have his accounts adjusted and the amounts due to or from him determined in the Probate Court, he may be required in a proceeding at law to pay over to the ward on the coming of full age the amount due after such adjustment and determination in the Probate Court. *Green* v. *Gaskill*, 175 Mass. 265, 269. An action at law can be maintained for an amount due shown in the guardian's account, under the circumstances here disclosed. The contention of the defendant that the sole remedy of the plaintiff is in the Probate Court cannot prevail. Whether the account is a final one need not be determined; the defendant offered no evidence tending to show that it was not a final account. *Dorey* v. *Dorey*, 248 Mass. 359. The facts stated in *Ensign* v. *Faxon*, 229 Mass. 231, and in *McIntire* v. *Ensign*, 232 Mass. 83, have no pertinency to those here disclosed. There was no variance between the declaration and the proof.

*Exceptions overruled.*