MICHAEL D. MEALEY, conservator, *vs.* ELIZABETH C. QUINLAN & another.

MARY J. F. FEGAN, executrix, *vs.* MICHAEL D. MEALEY, conservator.

Norfolk.    January 23, 1928.— March 2, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & SANDERSON, JJ.

*Conservator. Probate Court,* Accounts, Petition for instructions.

The conservator of an estate, whose second account has been allowed, covering a period after the ward's death and disclosing a balance in his hands which, he alleges, is "subject to any additional expense incurred or to be incurred subsequent to the allowance of his second account and subject to the matters involved in" a petition in the Probate Court brought by him for instructions as to who was entitled to receive the fund from him, cannot maintain such petition although it appears that the ward's widow claims that there should be paid to her the proceeds of a sale by the conservator under license of the Probate Court of real estate of the ward after the ward's death because of circumstances in · which she released her dower rights therein, where it does not appear that such claim by the widow had been brought before the court when the account was considered; and, upon a petition by the executor of the will of the ward, the conservator may be ordered to turn over to the executor the balance of the estate in his hands and to file his final account.

PETITION for instructions, filed in the Probate Court for the county of Norfolk on March 28, 1927, by the conservator of the estate of Michael W. Quinlan against Elizabeth C. Quinlan, his widow, and Mary J. F. Fegan, his daughter and the executrix of his will.   Also, a

PETITION, filed in the same court on the same day by the executrix against the conservator, seeking that the respondent be directed to pay to the petitioner a balance in his hands as conservator.

A paragraph of the petition for instructions was as follows:

"Your petitioner further says that his accounts have been settled by decrees of this court to the extent of determining that there remained in his hands at the end of the period covered by his second account the sum of $9,374.78, so that, subject to any additional expense incurred or to be incurred

subsequent to the allowance of his second account and sub-
ject to the matters involved in this petition, the affairs of the
estate of the ward have been settled so far as the conservator-
ship is concerned and he is ready to turn over the funds of the
estate to the party or parties entitled thereto."

The widow demurred to, and the executrix answered, the
first petition.  The conservator answered the second peti-
tion.  Both were heard by *McCoole*, J., upon the petitions,
the demurrer and the answers.  By his order a decree was
entered dismissing the first case, and, in the second case, a
decree was entered ordering the conservator "to turn over
the balance in his hands to Mary J. F. Fegan, executrix under
the will of Michael W. Quinlan, and that he be and therefor
is ordered to file his final account."  The conservator ap-
pealed from both decrees.

*W. M. Noble*, for Michael D. Mealey, conservator.

*H. Williams, Jr.*, for Mary J. F. Fegan, executrix.

*R. Gallagher*, for Elizabeth C. Quinlan, submitted a brief.

BRALEY, J.  The appellant, Michael D. Mealey, was ap-
pointed conservator of Michael W. Quinlan December 27,
1918, and continued to act until the death of his ward March
25, 1922.  His second account showing a balance in his pos-
session of $9,374.78 having been allowed February 16, 1927,
Mary J. F. Fegan, executrix of the will of Michael W. Quin-
lan, demanded the balance and, payment not being made,
she brought March 28, 1927, a petition asking that the con-
servator be ordered to transfer the fund to her.  The con-
servator however on March 28, 1927, filed a petition for
instructions to which the executrix and Elizabeth C. Quinlan,
widow of the testator, were made parties.  G. L. c. 215, § 6.
The petition, while stating the claim and demand of the
executrix, also alleges that in the management and adminis-
tration of the ward's estate it became necessary to sell certain
real property under license from the court of probate, and
that Elizabeth C. Quinlan claims that she released her rights
of dower and homestead therein relying on the agreement of
the conservator that if she would give such release he would
use the proceeds of the sale for the payment of the indebted-
ness of the ward and the expenses of maintenance of herself

and husband and all proper charges against the estate, and that upon the death of her husband any unexpended balance should become her absolute property to the exclusion of her children and all other persons having a right to share in the estate. It is further alleged that the widow has brought an action at law which is now pending to enforce her claim. The material allegations of the petition in so far as the rights of each defendant are concerned are admitted by the demurrer of Elizabeth C. Quinlan and in the answer of Mary J. F. Fegan. The conservator asked that he be instructed "as to whom payment of the fund should be made" and that the widow be enjoined from further prosecuting her action. The conservator on April 1, 1927, filed an answer to the petition of the executrix in which he set forth the same reasons for nonpayment as stated in his petition for instructions.

The decree allowing the account of the conservator, from which no appeal was taken, charged him with the amount of the ward's estate remaining in his possession and this balance was on the record payable to Mary J. F. Fegan as executrix of the will of the ward. *Day* v. *Old Colony Trust Co.* 228 Mass. 225. It may be that the procurement by the conservator of the release of the dower and homestead rights of the ward's wife enhanced the price which could be obtained and benefited the ward's estate. The question, however, whether there was any obligation on the estate to make reimbursement, and the amount which should be allowed, could not be considered when the decree was entered. It was not presented by the account nor called to the attention of the court. The question, whether the conservator, if found liable to Mrs. Quinlan, or if an adjustment with her had been made, could have sought relief by a supplemental account asking for allowance of the amount, is not before us. See *Day* v. *Nichols*, 228 Mass. 236, 239. *Bennett* v. *Pierce*, 188 Mass. 186. G. L. c. 204, § 9.

The decrees dismissing the petition of the conservator and granting the petition of the executrix and that the conservator be ordered to file his final account are affirmed, and the order sustaining the demurrer of Elizabeth C. Quinlan to the petition of the conservator is also affirmed.

*Ordered accordingly.*