ELIZABETH C. QUINLAN *vs.* MICHAEL D. MEALEY.

Suffolk.　December 9, 10, 1929. — January 29, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Contract*, Validity.　*Conservator.*

An agreement between the conservator of the estate of a man and the man's wife whereby, in consideration of the wife's joining, to release dower, in a deed of real estate of the ward made by the conservator under license of the Probate Court, the conservator orally agreed that he would put the purchase money derived from the sale jointly in the

names of the ward and his wife, "and when . . .[the ward] passed away, he would pass over what was left to . . . [her]," was void; and a refusal by the conservator to comply with a demand by the wife for the funds after the ward's death did not entitle her to maintain an action of contract therefor against the conservator as an individual.

CONTRACT. Writ dated May 14, 1924.

In the Superior Court, the action was tried before *P. J. O'Connell*, J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*M. Morton, Jr.*, for the plaintiff.

*W. M. Noble*, (*J. E. Hannigan* with him,) for the defendant.

PIERCE, J. This is an action of contract tried to a jury. At the close of the evidence the judge on motion of the defendant directed a verdict in his favor. The plaintiff excepted to the allowance of the motion and to the direction to the jury to return a verdict for the defendant. All the material evidence is contained in the bill of exceptions.

This evidence in its aspect most favorable to the action of the plaintiff would warrant the jury in finding the facts which follow: The plaintiff is the widow of one Michael W. Quinlan, who died a resident of Brookline in the county of Norfolk on March 25, 1922. The defendant was appointed conservator of the estate of Michael W. Quinlan by the decree of the Probate Court of the county of Norfolk on December 28, 1918. On July 7, 1920, the defendant was duly licensed by the Probate Court to sell certain land with the buildings thereon of the said Quinlan, situated in the town of Brookline, to Michael W. Quinlan, Jr. for the sum of $37,500. To convey this property free and clear of encumbrances, it was necessary that the plaintiff should join in the conveyance and release her dower right. The defendant in order to carry out his agreement and effect the sale of the property to the prospective purchaser (Michael W. Quinlan, Jr.) entered into an oral agreement with the plaintiff whereby he promised her that if she would join in the conveyance, releasing her dower, he would put the purchase money derived from the sale jointly in the names of Michael

W. Quinlan and the plaintiff, "and when Mr. Quinlan passed away, he would pass over what was left to . . . [her]." The plaintiff signed the deed in reliance upon the promise of the defendant contained in the oral agreement. Shortly after the death of Michael W. Quinlan on March 25, 1922, the plaintiff asked the defendant if he had done anything about the money that was left, and he said he could not do anything. She asked how much was left and he said $17,000, but that he could not turn it over to her as his lawyer told him he could not do it. She told him that if she had not thought he was going to keep his agreement she would not have signed the deed; to which he replied, "he would have been willing but his lawyer was not willing for him to do it."

The direction of the verdict for the defendant was right. When the contract was made the conservator had no legal authority to use or dispose of the property of his ward in any manner other than he was authorized to do by the Probate Court. Performance of the agreement at the death of the husband, while then possible in fact, was impossible within limits legally possible when the agreement was made and ever after. The legal impossibility was apparent on the face of the attempted contract. The contract was void, and the plaintiff was not entitled to damages for the defendant's refusal to perform it.

*Exceptions overruled.*