MICHAEL D. MEALEY, conservator, *vs.* MARY J. F. FEGAN, executrix.

Norfolk. February 2, 1931. — February 26, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Conservator*, Account.

In an accounting by the conservator of a man's property, the conservator was not entitled to an allowance for his services and expenses in defending successfully an action brought against him as an individual by the widow of the man on an alleged contract by him personally to turn over to her certain property of the man at the man's death.

PETITION, filed in the Probate Court for the county of Norfolk on March 5, 1930, for the allowance of the final account of the petitioner as conservator of property of Michael W. Quinlan.

The petition was opposed by the executrix under Quinlan's will. It was heard by *McCoole*, J. Material facts found by the judge are stated in the opinion. He reserved and reported the case for determination by this court.

*J. E. Hannigan & W. M. Noble*, for the petitioner.
*H. Williams*, for the respondent.

CROSBY, J. This case is before us upon a reservation and report made by the judge of probate for the county of Norfolk, respecting the allowance of three items in the conservator's fourth and final account. G. L. c. 215, § 13. The judge found that Michael D. Mealey was appointed conservator of the property of Michael W. Quinlan on December 27, 1918. In 1920 it became necessary to raise money to pay obligations of the ward, and to support him and his wife. The conservator on July 7, 1920, obtained a license from the Probate Court authorizing a sale of certain real estate of the ward. Upon sale thereof Elizabeth C. Quinlan, the wife of the ward, joined in the deed, thereby releasing her rights of dower and homestead in the premises. The ward died March 25, 1922. In 1924, Mrs. Quinlan brought an action of contract in the Superior Court against Mealey, individually, to recover the balance of the proceeds of the real estate. In that action she alleged, in substance, that in consideration of her releasing dower and homestead Mealey promised to pay her husband's indebtedness and to support herself and her husband, and at the latter's death to turn over to her the balance of the proceeds of the sale. This court held that such a contract was void as "the conservator had no legal authority to use or dispose of the property of his ward in any manner other than he was authorized to do by the Probate Court," and sustained a directed verdict for the defendant. *Quinlan* v. *Mealey,* 270 Mass. 284, 286. In that case there was no finding as to whether the alleged contract was, in fact, made by the parties. See *Mealey* v. *Quinlan,* 263 Mass. 70. In the present case the judge of probate found that no such contract was entered into by the conservator and Elizabeth C. Quinlan. In defending the action Mealey incurred certain expenses for attorney's services and for other incidental charges, for which he seeks to be allowed in his final account, together with a charge for services rendered by him in the defence of the suit. The reasonableness of the items in question is not in dispute.

It is the contention of the executrix of the estate of

Michael W. Quinlan that these items were not incurred in the performance of the duties of the conservator and for that reason cannot properly be allowed in his account. G. L. c. 206, § 16, reads: "An executor, administrator, guardian, conservator or trustee shall be allowed his reasonable expenses incurred in the execution of his trust, and shall have such compensation for services as the court may allow." The contract alleged to have been entered into by the conservator and Mrs. Quinlan was made by him personally, and does not purport to have been made with him in his official capacity; besides, even if made, it was void. *Quinlan* v. *Mealey,* 270 Mass. 284. The defence of the action brought against him was no part of his duty as conservator, and cannot properly be considered as "expenses incurred in the execution of his trust." In this connection see *Edwards* v. *Ela,* 5 Allen, 87; *Forward* v. *Forward,* 6 Allen, 494, 499; *Urann* v. *Coates,* 117 Mass. 41, 44; *Ensign* v. *Faxon,* 224 Mass. 145; *Loring* v. *Wise,* 226 Mass. 231; *Howard* v. *Hunt,* 267 Mass. 185. Although Mealey felt obliged to defend a groundless suit brought against him which necessitated the expenditure of a substantial sum, such expenditure, however burdensome to him, cannot be charged as a proper expenditure in his account.

It is suggested by counsel for the conservator that the statement in the opinion in *Mealey* v. *Quinlan,* 263 Mass. 70, at page 72, that "It may be that the procurement by the conservator of the release of the dower and homestead rights of the ward's wife enhanced the price which could be obtained and benefited the ward's estate," indicated that the Probate Court would have had power to award such reimbursement upon a proper showing of facts. We do not construe this statement as an intimation that the Probate Court would have had authority to allow the items in question, whatever facts might be shown.

It is plain that the conservator cannot be reimbursed for the expenses incurred or services rendered by him in an action in which the estate of which he is conservator was neither interested nor benefited. It results that the

fourth and final account should be amended by disallowing items one, two and three in schedule B; as so amended it is allowed.

*Decree accordingly.*